CASE 30.—ACTION BY THE CITY OF COVINGTON AND THE KIRCHNER CONSTRUCTION CO. AGAINST JAMES W. BULLOCK AND ANOHER FOR THE COST OF A STREET IMPROVEMENT.—June 20.

# City of Covington, etc., v. Bullock, etc.

Appeal from Kenton Circuit Court.

M. L. HARBESON, Circuit Judge.

From the judgment the City and the Construction Company appeal.—Affirmed.

Municipal Corporations—Street Improvements—Paved Streets—"Reconstruction"—"Repair."—Where, after a street which had been paved with asphalt at the expense of abutting owners had fallen into disrepair, the city passed an ordinance directing that it be reconstructed with asphalt pavement in accordance with the ordinance, in so far as it related to resurfacing streets with asphalt paving, so that the entire improvement consisted merely of relaying a new three-inch asphalt surface on the original macadam base, without disturbing the same, the work did not constitute a reconstruction of the street, but was a mere repair thereof, for which the city was solely responsible.

F. J. HANLON, City Solicitor, for appellant city.

### AUTHORITIES CITED.

1. The work was one of construction and not one of repairs: People v. The City of Buffalo, 65 N. Y. Supp., 163 (affirmed in 52 N. Y., 157; Smith on Modern Law of Municipalities, vol. 2, sec. 1316.

2. Authority of city to make the improvement in controversy: Ky. Stats., secs. 3094, 3096; Maddux v. City of Newport, 12 Ky. Law Rep., 658; Levi v. Coyne, 22 Ky. Law Rep., 493.

GALVIN & GALVIN and ORIE S. WARE for appellant Construction Co.

### AUTHORITIES CITED.

. Ky. Stats., sec. 3094, 3096; Levi v. Coyne, 22 Ky. Law Rep., 493; People v. City of Buffalo, 65 N. Y. Supp., 163; 52 N. Y. App., 157 Louisville v. Nevin, 10 Bush, 550; Louisville v. Leatherman, 99 Ky., 213-216; Gosnel v. Louisville, 104 Ky., 212; Louisville v. Bitzer, 24 Ky. Law Rep., 2263.

S. D. ROUSE for appellees.

### POINTS AND AUTHORITIES.

The work done in the city of Covington on the street in question is "repair" work and not "reconstruction": Ky. Stats., sec. 3096; Levi v. Coyne, 22 Ky. Law Rep., 493; People v. City of Buffalo, 65 N. Y. Supp., 163; Robertson v. Omaha, 55 Neb., 718; City of Henderson v. Lambert, 14 Bush, 10; City of Louisville v. Taylor, 23 Ky. Law Rep., 538.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Scott street is one of the principal thoroughfares in the city of Covington. Some 10 or 12 years ago the old macadam was taken up and the street was recurbed. A concrete base six and a half inches deep was laid, and this was surfaced with three inches of asphalt, making what is known as an "asphalt street." This asphalt street was kept in repair at first by the construction company and later by the city of Covington, until in 1906, when the asphalt had become much rotten and worn, the council ordered it removed and replaced by a new coating of asphalt three inches thick. The ordinance directing this work is as follows:

Section 1. Be it ordained by the General Council of Covington: Two-thirds of the members thereof con-

curring, that Scott street from the south side of
Fourth street to the south side of Fifth street, be, and
the same is hereby, ordered to be reconstructed with
asphalt paving in accordance with the specifications
contained in the general ordinance for making same
passed by the General Council and approved by the
Mayor, May 22, 1906, and the amendment thereto; in
so far.as said ordinance relates to resurfacing streets
with asphalt paving. The resurfacing with asphalt
paving hereby ordered to be done shall be the portion
of the street used as a roadway between the faces of
the curb.

"Section 2. Said reconstruction shall be done one-
half at the cost of the City and one-half at the cost and
expense of the owner or owners of the lots and parts
of lots fronting and abutting on said reconstruction
between said points, and upon the completion of same
the cost and expense of same shall be ascertained and
one-half of it levied and assessed and apportioned
upon and against said lots and parts of lots and the
owners thereof according to the front and abutting
feet of ground, and in accordance with the provisions
of the City Charter of Covington.

"Section 3. Be it further ordained that the city
civil engineer be and he is hereby authorized to
advertise for sealed proposals for doing said work
and furnishing the material therefor to be held before
Council at a regular meeting thereof; Council hereby
reserving the right to reject any or all bids.

"Section 4. This ordinance shall take effect and
be in force from and after its passage and approval
by the Mayor, and so much of any ordinance hereto-
fore passed by the General Council as conflicts here-
with shall be and the same is hereby repealed."

The contract for this work was let to appellant The

Kirchner Construction Company, and, as appears from the record, the work was done strictly in accordance with the terms of the contract and ordinance. Certain of the property owners objected to being taxed for this improvement, upon the ground that the work done, although called in the ordinance "reconstruction," was in fact "repairs," and that they were not liable therefor, but that the whole cost of said improvement should properly be borne by the City. Upon a trial in the lower court is was held that the property owners were not liable, and that the improvement was in fact but a repair of the old asphalt street, and that the City alone was liable for this cost, the provisions of the ordinance to the contrary notwithstanding. From so much of the judgment of the lower court as holds the City liable for more than one-half of the cost the city appeals, and from that part of the judgment which releases the abutting property owners from liability the Construction Company appeals.

The sole question for determination is, was this work in fact a "reconstruction," or was it simply a "repairing" of the street? In the case of Levi v. Coyne, 57 S. W. 790, 22 Ky. Law Rep. 493, this court approved Webster's definition of the word "repair," and also of the word "reconstruction," as follows: "Webster defines 'repair' to restore to a sound or good state after decay, injury, dilapidation, or partial destruction, as to repair a house, a wall, or a ship. He defines 'reconstruction' to construct again, to rebuild." Under this definition, if the improvement consists in merely restoring the street to a good, serviceable condition by replacing such parts as are destroyed, the work is in fact but "repairing," no matter how extensive this work may be. If, on the

other hand, the entire street is torn up and rebuilt, or built over again, the work is "reconstruction." The difference is well illustrated by counsel for appellee in the case of a roof over a building that is found to be in a dilapidated condition. The roof may be repaired by simply patching some holes, or the old shingles may be removed and new ones put in their place, so that it is an entirely new roof, and yet it is but a repair to the house. The fact that the covering has become worn or decayed so as to necessitate its being replaced, cannot be regarded as a ":recon-struction" of the street. It is but a resurfacing, a repairing. "Construct" means to build; "recon-struct" means to rebuild, to build over again; and a street is not "reconstructed" by being resurfaced either in whole or in part. The cost of construction is necessarily large—a heavy burden upon the abut-ting property owners. This burden is placed upon them in the construction of streets because, theoret-ically, it is supposed to benefit and materially en-hance the value of their property. The same may be said of reconstruction; but inasmuch as the abutting property has been made to bear this burden, and will hereafter be made to bear it whenever it becomes necessary to reconstruct the street, the owner is entit-led to have the statute strictly construed, so as to impose upon him no greater burden than the law con-templates.

In the case before us the entire foundation of the street was left intact. Two-thirds and more of its depth remained. The curbing remained unaltered, the principal part of the street, so far as the cost and work of construction is concerned, was not disturbed by the work done under the ordinance in question. It can hardly be said that a street is reconstructed when

more than two-thirds of the old work is left intact, and the new work consists in merely removing some decayed and worn material from the surface of the street and replacing it with new material. The question before us is much simplified if we take into consideration the repair or maintenance of streets where the driveway is made of stone. As is well known, the stone is constantly worn away, and it is necessary, at stated intervals, to resurface the entire street with new crushed or broken stone, and, where holes have worn into the street, these have to be filled. Now, when this street was originally macadamized, the cost thereof was borne in part by the abutting property owners; but it would hardly be contended that, when it became necessary to cover the entire street with a new coating of crushed or broken stone, the street was reconstructed. The only difference between a driveway made of crushed stone and one made of asphalt is that the latter is much more expensive, and is supposed to be much more durable. The same principle which would govern the maintenance of one would likewise govern the maintenance of the other. There is no statute which imposes a different liability upon property holders resident upon a street which has been laid in asphalt from those resident upon streets constructed with other material.

Counsel for appellant cites the case of People v. City of Buffalo, 65 N. Y. Supp. 163, 52 App. Div. 157, as supporting the contention of the City that this work was in fact "reconstruction," and not "repair;" but an examination of that case shows that it turned upon the construction of a statute materially different from the statute under which streets are built and repaired in cities of the second class in this State. The same is true of the case of Robertson v. City of Omaha, 55

Neb. 718, 76 N. W. 442, 44 L. R. A. 534, cited and relied upon. In the case of Levi v. Coyne, 57 S. W. 790, 22 Ky. Law Rep. 483, the entire street was remade. The grade was changed, and the taxpayers sought to escape liability on the ground that some of the old material taken up out of the old street was used in relaying the street. The contention was not made in that case that the street was not "reconstructed," for the proof shows that it was; but the court held that the fact that some of the old material was used in reconstructing the street would not relieve the property owner from bearing his share of the burden of the cost of reconstruction. So in the case before us, if the entire street had been torn up, and the concrete foundation had been pulverized and used over again in relaying a new concrete foundation, the property holder could not escape liability on that account, as it is immaterial where the material comes from that is used in the reconstruction. If the fact is established that it is a reconstruction, then the abutting property holders are liable for their share of the cost. It is to be supposed that, if part of the old material is used in the reconstruction, the cost thereof is lessened by reason of this fact to some extent, just as in the rebuilding of a house, if the contractor is permitted to use some of the old material, the contract price is lessened to the extent of the value of the old material so used.

The question which is at last presented for determination in each particular case is this: Is the improvement a "repair," or is it a "reconstruction?" If the old skeleton or framework of the original structure is retained, and the worn parts are replaced with new material of the same or kindred sort, it comes clearly within the definition of "repair." If, on the

other hand, the old structure is torn away, and a new one erected in place thereof, even though on the same general plan, then it is clearly a "reconstruction;" and it is immaterial that a part of the material taken out of the old structure is put into the new. These definitions of the words "repair and "reconstruction" apply with equal force and aptitude to all trades alike, and to all work alike, and have no different meaning when applied to "repair" or "reconstruction" of a house to that which they have when applied to the "repair" or "reconstruction" of a street. In the case before us the work done, though termed "reconstruction," was in fact but the "repair" of the surface of the old street.

The judgment of the lower court is affirmed as to both the original and cross appeal.