## Kimbley v. Hickman, Mayor, et al.

(Decided March 23, 1915.)

### Appeal from Daviess Circuit Court.

Municipal Corporations—Improvement of Streets—Abutting Owners.—A street, without regard to its previous condition, may be originally improved once at the expense of the abutting owner, and where the property of the abutting owner has never been assessed for street construction, and the work so far as the owner is concerned is original construction, the city has the right to charge them with the expense of it.

LA VEGA CLEMENTS for appellant.

GEO. S. WILSON for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The city of Owensboro is of the third class, and passed an ordinance for the improvement and construction by asphalt paving of that part of Main Street from Lewis to Frederica Streets and of Frederica Street from Main Street to the Louisville, Henderson & St. Louis Railroad crossing, a distance of about 14 blocks. The ordinance provided that the improvement and construction be done at the expense of the abutting property owners, as authorized in Sections 3449 to 3459, inclusive, of the Kentucky Statutes, relative to third class cities.

This is a suit by appellant, one of the property owners to enjoin the city from proceeding with the work, and the plea is made that the work is reconstruction and not original construction, and must, therefore, be done at the expense of the city rather than the abutting property owners. After issues were joined, the case was submitted to the court upon an agreed statement of

facts, and judgment was rendered dismissing the petition. The property owner appeals.

Without detailing all of the facts set up, it is sufficient to say that it is agreed that all necessary steps were taken in the adoption of the ordinance and advertising of the work. Unless the facts stated below present a valid obstacle to charging the improvement to the property owners, then it follows that the ruling of the lower court was proper. The facts giving rise to the question of law presented on this appeal are as follows:

"It is agreed that said portions of said Second and Frederica Streets proposed to be constructed have been heretofore constructed of sheet asphalt laid on a concrete foundation and paid for by the city out of funds received by it from the issual of its bonds; that no property owner along said route was ever assessed for the construction of said streets or any part thereof, and that the lots or lands fronting along said streets proposed to be constructed by virtue of said ordinance have never been assessed for the purpose of constructing or reconstructing the streets lying fronting along said property or lots, and have never been assessed for the purpose of improving said streets in any manner."

Under this state of facts, appellant argues that the work is reconstruction, although property owners may have never been assessed for its improvement, and have never paid anything for construction or improvement of the streets except as taxpayers to the general fund of the city.

In cities of the first and some other classes the right is given to charge abutting property owners with the expense of original construction of a street. Kentucky Statutes, Section 2833. But, upon examination of the charter of third class cities, no inhibition is found against such city ordering a reconstruction of streets at the expense of property owners. But, whether a third class city has the power to so reconstruct a street is not the question presented here. The proposition is whether the rebuilding of a street which was originally improved and ever since maintained by the city out of its general revenue, is a reconstruction so far as property owners are concerned, when their property has never paid nor been assessed anything directly for its maintenance and improvement.

This identical question has been repeatedly passed upon and it has been definitely held that such a construction is not a reconstruction within the meaning of statutes which relieve property owners of the expense of reconstruction.

In Marret v. Jefferson County Construction Co., 161 Ky., 845, we said:

"It is well settled in a number of cases that a street, without regard to its previous condition, may be originally improved once at the expense of the abutting property owner."

In Guilfoyle's Exor. v. City of Maysville, 129 Ky., 532, we said:

"In Heim v. Figg, 89 S. W., 301, 28 Ky. L. Rep., 396; Catlettsburg v. Self, 115 Ky., 669, 74 S. W., 1064; McHenry v. Salvage, 99 Ky., 232, 35 S. W., 645; and Wymond v. Barber Asphalt Pavement Co., 77 S. W., 203, 25 Ky. L. Rep., 1135, the Court of Appeals has held that construction by the owner without the direction of the city council, or construction by the city out of its general revenues, or a road already macadamized before it was taken into the city limits, did not prevent the city's ordering a radically different construction, of a permanent nature, of the same highway at the sole expense of the abutting owners, under the power to so require as for the original construction of such highway."

In City of Catlettsburg v. Self, 115 Ky., 669, the rule was thus expressed:

"Until the abutting property has once been compelled to bear this burden and has not constructed originally the street, in justice to all other property in the city and upon an equal basis under the statute, it should do so."

It appearing from the agreed statement of facts that the work in question, so far as property owners are concerned, is in reality original construction, the city has the right to charge them with the expense of it.

The judgment of the lower court is, therefore, affirmed.