## Southern Bitulithic Company v. Sweeney, et al.

(Decided June 23, 1922.)

### Appeal from Daviess Circuit Court.

Municipal Corporations—Street Improvements—Repairs.—The resurfacing of a street originally improved at the expense of the city is an improvement that can be made at the expense of

property owners and not a mere repair within the meaning of section 3455, providing that all the improvements of the streets ordered to be made at the expense of the property owners shall, to the extent made and when paid for, exempt said property owners from any special liability thereafter for the cost of keeping said improvements in repair.

C. W. WELLS and W. FOSTER HAYES for appellant.

J. J. SWEENEY and SANDIDGE & SANDIDGE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In the year 1879 Main or Second street in the city of Owensboro was graded and graveled, one-half of the cost being paid by the city and the other half being assessed against the abutting property owners.

In the year 1900 Main street was again improved by removing the gravel and excavating to a subgrade nine inches below the established grade and constructing thereon a six-inch concrete foundation covered by a three-inch asphalt surface. The entire cost of the improvement was paid by the city.

In the year 1915 the street was again improved by removing the asphalt surface and binder and placing on the concrete foundation a new bitulithic surface. The work was done at the cost of the abutting property owners with the exception of that portion assessed against the Owensboro City Railway Company.

The Southern Bitulithic Company contracted with the city to make the improvement and, upon the completion of the work, it was accepted by the council.

This suit was brought by the contractor against J. J. Sweeney and others to recover the amount of the assessment made against their property. The foregoing facts appear in the pleadings. A demurrer was sustained to the reply, and plaintiff having declined to plead further, the petition was dismissed. Plaintiff appeals.

After the appeal was taken, J. J. Sweeney died and the cause has been revived in the name of his administrator and heirs.

Sections 3449 and 3455, Kentucky Statutes, 1915, which were in force when the work of 1915 was done, are as follows:

Section 3449. "The common council shall have power to pass ordinances to require the improvement of streets and alleys, subject to the mode and manner herein desig-

nated, either by grading and paving, or by grading, paving and macadamizing, or graveling, guttering, curbing and paving, or planking of sidewalk, any portion thereof, not less in length than one block, or the whole of any street or alley now established, or which hereafter may be established, or by guttering, curbing, paving and grading any number of feet, not less than a block upon either or both sides of any street where the same shall be necessary to complete such class of improvement on any square or street, or by grading, paving, curbing or guttering of one side of any street where the other side of such street has been improved theretofore, or the reconstruction or repairing of the sidewalks, by recurbing, reguttering or repaving on any or all streets at the cost of the owner or owners of the ground fronting such improvement; and the cost of such improvement to be apportioned according to the number of feet front each may own in front of said improvement; and a lien is hereby created on the said ground for the cost thereof; all of which improvements, when required to be made, the common council shall order done by the passage of an ordinance for that purpose, which shall fully declare and prescribe the kind and extent of improvement to be made. That the common council may require by ordinance the improvement of any street or alley simply by grading or graveling or macadamizing, or may require by ordinance the whole of any street to be improved by grading, graveling or macadamizing, guttering, curbing and paving or planking the sidewalk, the whole or any part not less than one block of any street.''

Section 3455. ''All the improvements of the streets ordered to be made at the expense of the property owners shall, to the extent made, and when paid for, exempt said property owners from any special liability thereafter for the cost of keeping said improvements in repair, except in cases of repairing or reconstructing sidewalks, curbs, and gutters. The mayor shall have power and authority to notify owners of lots fronting the same to make repairs upon sidewalks, in any case where the cost of such repairs of sidewalks shall not exceed ten dollars, in front of any one owner's lot; and in case such owner shall not, within five days after he or she has notice of such sidewalk being out of repair, repair the same, the mayor is authorized to have the same done at the cost of the owner, which repairs, if not paid by the owner, shall be paid by

the city, and shall be a lien upon the lot for the payment thereof, and the city shall have the same remedies for the collection thereof, with costs of suit, that are given in cases for improving streets to the contractor.''

The property owners insist that the judgment is correct for the following reasons: The improvement of 1900, though made at the cost of the city, was one that could have been made at the cost of the property owners. The work done in 1915 consisted merely of putting a new surface on the existing concrete base, and was therefore a mere repair and not a construction or reconstruction of the street. That being true, there was no authority whatever for assessing the cost against the abutting property owners. While we have held that the resurfacing of a street is not a reconstruction, but is a mere repair as to a property owner who had borne the cost of the original improvement, City of Covington v. Bullock, 126 Ky. 236, 103 S. W. 276, that rule is not applicable to the facts here presented. Under the statutes here involved a street may be improved at the cost of the abutting property owners, and it is only where the improvement has been made at their expense and paid for that they are exempted from any special liability for the cost of keeping the improvement in repair. In view of these provisions it is clear that until an improvement is made for which the property owners are charged, there is no improvement within the meaning of the statute. That being true, the resurfacing of a street theretofore improved is not a mere repair as to a property owner who had not borne any of the cost thereof, but an improvement for which he may be held liable. Kimbley v. Hickman, 163 Ky. 713, 174 S. W. 484. It follows that the demurrer to the reply was improperly sustained.

Judgment reversed and cause remanded for proceedings consistent with this opinion.