E. E. RUCKER et al. v. MAYOR & ALDERMEN OF DYERS-BURG. ·

Western Section.   August 5, 1927.

Petition for Certiorari denied by Supreme Court, December 17, 1927.

1. **Appeal and error. Where case is tried de novo on appeal, a motion for new trial is not required.**

    If a case tried before the chancellor below on appeal stands for trial de novo, then no motion for a new trial is required, but if the decree of the chancellor has the force and effect of a jury verdict so that it will not be disturbed if there is evidence to support it, then the appeal can not be maintained unless a motion for new trial was filed.

2. **Trial. Where a jury is waived in a jury case, the findings of the chancellor stands as a verdict.**

    It is well settled in this State that if the case in chancery is a jury case and the jury is waived and the case tried on oral proof before the chancellor as a jury, then the decree has the force and effect of the verdict of a jury.

3. **Trial. If case is not a jury case then the case is tried de novo on appeal.**

    Where the case is not a jury case and there is merely an agreement to try the case before the chancellor on oral testimony the decision of the chancellor does not have the effect of a jury verdict, but the case is tried de novo on appeal.

4. **Trial. The waiver of a jury operates as an agreement for the chancellor to sit as a jury.**

    It is not necessary for the parties to agree that the chancellor may try the case as a jury. If a jury is waived and it is agreed that he may try the case on oral testimony, it follows as a matter of law and practice that he tried it sitting as a jury.

    5 T. A.—42.

5. **Appeal and error. Appeal must be dismissed in a case tried before a chancellor as a jury where no motion for new trial was filed.**
The instant case, a jury case being tried before the chancellor without a jury, held treated as a jury trial and verdict, and the appeal dismissed because a motion for new trial was not filed.

6. **Municipal corporations. Streets. Removing of old wearing surface on a street and replacing it with new held to be reconstruction.**
Where an asphalt surface was removed from a concrete base and replaced with a new surface held to be reconstruction and not repair and therefore work which a .city can do under a front foot assessment plan.

Appeal from Chancery Court, Dyer County; Hon. V. H. Holmes, Judge.
Affirmed.
R. D. Chambers, of Dyersburg, for appellant.
L. Jene Cooper and W. S. Draper, of Dyersburg, for appellee.

HEISKELL, J. This is a suit brought in the chancery court of Dyer county, under the Declaratory Judgments Act by the property owners on Finley street, in the town of Dyersburg, Tennessee, in order to have the status of themselves and the town of Dyersburg determined and to prevent the mayor and aldermen from collecting from the said property owners two-thirds of the cost of repairing Finley street, under an ordinance · passed in 1924.

The chancellor's findings of fact are as follows:

"The complainants each own property abutting on that portion of Finley street included within the improvement district provided for by the ordinance attacked by the bill in this cause.

"In the year 1915, by ordinance, Finley street was improved by a pavement, having a five-inch concrete base, and an asphalt surface two inches thick. This improvement was made in accordance with the provisions of the act commonly called the' 'Front Foot Assessment Act.' And the property of each of these complainants was assessed for its proportionate part of of the costs of such improvement.

"The asphalt surface coat on said street having worn out the city by the proper authorities passed the ordinance in question in this case. And pursuant to said ordinance this old surface was entirely removed and a new asphalt surface laid on the old base.

"It appears from the proof that in connection with laying the new asphalt surface, some small repairs were made to the concrete base, and the old curbing was repaired for a short distance.

"However, there is no proof that the cost of such repairs to the base and the curbing entered into the costs of the improve-

ments for which the properties of complainants are assessed under this ordinance.

"The ordinance provides for a reconstruction of a substantial portion of the street, and does not merely provide for repairs to an improvement already made."

This is the decree:

"This cause came on to be heard and was heard by the court on the entire record in the cause and the oral testimony of witnesses examined in open court, the solicitors of record of the parties having previously agreed in writing that the cause might be heard on oral proof before the chancellor, from all of which it satisfactorily appeared to the court that the complainants are not entitled to the relief sought by them, or to any relief under their bill.

"It is, therefore, ordered, adjudged and decreed by the court that the complainants' bill be and the same is hereby dismissed."

From this decree the complainant property owners have appealed and assigned errors.

The defendant, the corporation of Dyersburg, has moved the court to dismiss the appeal upon the ground that no motion for a new trial was made by appellants in the court below and no error is assigned in this court on the technical record, but only such errors assigned as necessarily require a motion for a new trial to have been made in the court below.

If the case had been tried before a jury in the chancery court of course a motion for a new trial would be a necessary requisite to an appeal. If it had been a case in the circuit court tried before the judge, without a jury, a motion for a new trial would be essential. Having been tried before the chancellor on oral testimony, if it stands for trial de novo in this court then no motion for new trial was required, but if the decree of the chancellor has the force and effect of a jury verdict, so that it will not be disturbed if there is evidence to support it, then the appeal cannot be maintained for lack of a motion for new trial.

It is well settled in this State that if the case in chancery is a jury case and the jury is waived and the case tried on oral proof before the chancellor as a jury, then the decree has the force and effect of the verdict of a jury. Toomey v. Atyoe, 95 Tenn., 373; Beatty v. Schenck, 127 Tenn., 63; Choate v. Sewell, 142 Tenn., 487.

It is just as well settled that where the case is not a jury case and there is merely an agreement to try the case before the chancellor on oral testimony without more the decision of the chancellor does not have the effect of a jury verdict, but the case is tried de novo on appeal. Watkins v. Sedberry, 290 S. W., 970.

The present case was a jury case. A jury was demanded in the pleadings and it stood for trial as a jury case. Then this agreement was made:

"In this cause it is agreed by and between the parties hereto that this cause shall be tried upon oral testimony and proof as provided by the statute."

In the case of Toomey v. Atyoe, 95 Tenn., 373, the court said:

"Contrary to the opinion of the court of chancery appeals, the decree of the chancellor upon the issues of fact submitted to him is entitled to the same force and effect upon an appeal as the verdict of a jury. It distinctly appearing that a jury was legally demanded and granted and that the chancellor thereafter by agreement of parties heard and determined those issues as a jury. This results, as a matter of law and practice, from the facts so appearing, and not from the agreement that such should be the effect."

That is, if it is a case in which a jury has been demanded and the jury is waived, the decree of the chancellor upon the facts submitted has the effect of a jury verdict, as a matter of law and practice, and not because the parties so agreed.

We take it then it is not necessary for the parties to agree that the chancellor may try the case as a jury. If a jury is waived and it is agreed that he may try the case on oral testimony, it follows as a matter of law and practice that he tried it sitting as a jury. The present case was a jury case and the jury was waived. It is true the agreement does not say expressly that the jury is waived, but the agreement to try without a jury is a waiver. Is anything more required to give the decree the effect of a verdict?

In Beatty v. Schneck, 127 Tenn., 63, the decree recites: "The demand heretofore made for a jury to try the cause is waived, and the cause coming on to be heard upon the bill, answer, pro-confesso, depositions on file, oral testimony, etc., it was ordered adjudged, etc.," and the court applied the same rule laid down in Toomey v. Atyoe.

In the Beatty v. Schneck case there was no agreement as to the effect of the decree, or that the chancellor should sit as a jury and nothing to show a waiver of a jury except the recital in the decree.

The present case was a jury case and it was agreed that it be tried before the chancellor. This involved a waiver of a jury just as much as if the decree had so recited. There was a waiver, and this case cannot be distinguished from the case of Beatty v. Schneck, 127 Tenn., 63, because the decree fails to recite the waiver.

In Choate v. Sewell, 142 Tenn., 487, there was a mere recital of the waiver of a jury, nothing more, and the court held the chancellor's finding of fact equivalent to the verdict of a jury.

In Willis & Turner v. Moore & Davis, 151 Tenn., 562, the Supreme Court declined to apply the "any material" rather than the "preponderance" of evidence rule to a case of law cognizance in chancery, which was not a jury case. Yet reaffirms most emphatically the rule laid down in Toomey v. Atyoe and Beatty v. Schneck, supra, that where a jury is demanded and then waived and the case tried before the chancellor, the decree will be treated like the verdict of a jury. The opinion says: "and this court has declared this rule in large measure applicable to cases tried before a chancellor on oral testimony, whether a formal substitution for a jury or not, recognizing that the reason applies equally, the trial court having had the opportunity to hear the witnesses."

Watkins v. Sedberry holds that in an ordinary chancery case, in which no jury has been demanded, an agreement to try on oral testimony does not give the findings of the chancellor the force and effect of a jury verdict and this case refers to and recognizes the line of cases in which a jury was demanded and then waived.

The rule, therefore, remains intact that where a jury is demanded and waived the trial is to all intents and purposes the trial of a jury case before the chancellor without a jury and is to be treated as a jury trial and verdict. This being so, we think the motion to dismiss the appeal should be allowed because the complainant did not follow the practice in cases of this character, and make a motion for a new trial. It goes without saying that we hold the question sought to be raised here by the assignments are not such as can be raised on the face of the record notwithstanding said rule.

If, however, this case could be heard on the assignments of error the result would be the same. The only contention of appellant material to be noticed is that resurfacing of the street with asphalt on the old concrete foundation was repairs and not paving or reconstruction. If repairs, it is conceded by appellee that the work could not be done under the front foot assessment plan, and appellant does not contend that a pavement cannot be reconstructed by a valid front foot assessment.

While there may be some conflict in the cases, the weight of authority seems to hold that such work is reconstruction and not repairs.

In Ruling Case Law, Vol. 25, sec. 19, p. 103, it is said:

"Under statutes authorizing a special assessment to pay for the reconstruction of street improvement but not for the repair thereof, it is an important question whether in a given instance the work done is repairing or reconstructing. The word 'repair' contemplates an existing structure or thing which has become imperfect by reason of the action of the elements, or otherwise. Reconstruction, on the other hand, presupposes the nonexistence of the thing to be reconstructed, as an entity; that

the thing, before existing, has lost its entity, and the fact that in reconstruction some of the material or parts which entered into the composition of the original entity are used, does not deprive it of its designation of a reconstructed thing." Citing Fuchs v. Cedar Rapids, 158 Iowa, 392, 139 N. W., 903, 44 L. R. A. (N. S.), 590 and note.

"No distinction should be made whether the new material which is raised upon an old foundation is of the same or of a different kind from that formerly used. If the work constitutes reconstruction when different material is laid on the foundation, it is also reconstruction if material similar to the old is laid. And it has been expressly held that the mere fact that an existing foundation was used, instead of being replaced, does not necessarily make the work one of repair only. The cases are in conflict as to whether the removal of the old asphalt wearing surface from a pavement, and the laying of new asphalt upon the old concrete base, constitute a repair or a reconstruction of a pavement, but the weight of authority is apparently to the effect that if the surface is entirely relaid the work constitutes reconstruction, rather than repair." Citing Fuchs v. Cedar Rapids, 158 Iowa, 392, 139 N. W., 903, 44 L. R. A. (N. S.), 590 and note.

Looking to the case above cited, to-wit, Fuchs v. Cedar Rapids, 158 Iowa, 392, and also reported in 44 L. R. A. (N. S.), page 590, we find it to be a case almost on all fours with the case at bar. The headnote, as given in L. R. A., which correctly covers the text of the opinion, is:

"Removing the asphalt wearing surface and the binder course over the concrete base in a public street, and replacing them with a binder course and wearing surface of similar material to that removed, is reconstruction, and not repair, within the meaning of statutes requiring repairs to be made at the expense of the municipality, but permitting the assessment of the cost of reconstruction on abutting property."

The report of this case in 44 L. R. A. N. S., is accompanied by notes citing cases which support the decision in the Iowa case.

In McCaffrey v. Omaha, 72 Neb., 583, 101 N. W., 251, the court said:

"It is not, we think, required, that the whole of the material of the paving used in the first instance, shall be relaid, or a change made in the original plan or grade, in order to constitute the work a repaving. . . . To repave is to relay, not necessarily the whole of the pavement as originally constructed, but it is to pave again, cover over with suitable material, or resurface the street. If repaving . . . means only a new pavement,

constructed after a regrade or change of plans, and not until the destruction of the old, and every part of it, then indeed, would there be but little repaving done.''

Also it is said:

''No distinction should be made whether the new material which is laid upon an old foundation is of the same or of a different kind from that formerly used. If the work constitutes reconstruction when different material is laid on the foundation, it is also reconstruction if material similar to the old is used. . . .''

It has been expressly held that the mere fact that an existing foundation is used instead of being replaced, does not necessarily make the work one of repair only. Field v. Chicago, 198 Ill., 224, 64 N. E., 840; Bush v. Peoria, 215 Ill., 515, 74 N. E., 797.

In Field v. Chicago the macadam roadway was cleaned, rolled and levelled, and covered with a six and one-half inch layer of broken limestone and crushed granite.

In Bush v. Peoria the asphalt and binder course were removed from a five inch concrete base, and a pavement two and one-half inches thick, consisting of a new binder course and wearing surface of asphalt, was laid upon the old foundation, which was partially renewed.

In Barber Asphalt Paving Co. v. Muchenberger, 105 Mo. App., 47, the asphalt was removed from the old concrete base, which was replaced levelled and filled, so as to make an even surface, and a pavement was laid thereon, consisting of a binder course and a wearing surface of asphalt, each one and one-half inches thick.

In Robertson v. Omaha, 55 Ned., 718, 44 L. R. A., 534, 76 N. W., 442, it was held that laying brick in place of wooden blocks on the old foundation was reconstruction and not repairs. This case was cited in the McCaffrey case, 72 Neb., 583, and it was held that resurfacing with the same material as used before was reconstruction just the same as resurfacing with a different material.

Other cases to same effect are: Jones v. Plummer, 137 Mo. App., 337, 118 S. W., 109; Robertson v. Omaha, 55 Neb., 718, 44 L. R. A., 534, 76 N. W., 442.

The following cases seem to be in conflict with the cases above cited: American Bonding Co. v. Ottumwa, 70 C. C. A., 270, 137 Fed., 572; Covington v. Bullock, 126 Ky., 236, 103 S. W., 276.

The 137 Federal case was where a contractor laid a pavement under a guarantee to keep in repair for seven years. The asphalt surface was defective in material, soon became perforated with holes, and became so bad that it was necessary to resurface the whole street. Held as against the contractor this was repairs within the meaning of his guaranty. This case is of little or no weight on the question now before the court.

The Kentucky case is in point and is contrary to the conclusion reached by us in the present case. The only one of the authorities relied on in this opinion, cited in that case, is Robertson v. Omaha, 55 Neb., 718, which the Kentucky court says. is not in point because the statute was different. The Nebraska statute does prohibit taxing the citizens for ordinary repairs. The court, however, sustained an assignment made for resurfacing on an old foundation, called it repavement and said nothing about extraordinary repairs. Besides the case of McCaffrey v. Omaha, 72 Neb., 583, seemed to involve a later statute and the court held that the resurfacing was reconstruction and could only be done on petition of property owners, by assessment on the front foot plan. The statute, so far as appears, says nothing about ordinary repairs and the court says nothing, but holds the resurfacing is paving and not any kind of repairs.

The great weight of authority seems to be that such resurfacing as was done in the present case is reconstruction and not repairs and therefore is work which a city can do under a front foot assessment plan..

The motion to dismiss is sustained. The appeal is. dismissed and the decree of the chancery court is affirmed. Appellant and surety on appeal bond will pay the costs of appeal.

Owen and Senter, JJ., concur.