ETTA FONVILLE, EXECUTRIX, *et al. v.* HERMAN GREGORY
*et al.*

*(Nashville,* December Term, 1930.)

Opinion filed April 4, 1931.

L. A. Ligon, L. E. McCluskey and Bass, Berry & Sim, for complainant.

L. H. Walker, Louis Chambers, J. D. Hankins and Russell Wright, for defendant.

Mr. Chief Justice Green delivered the opinion of the Court.

This cause was submitted to the chancellor upon the following stipulation:

"In this cause, it is hereby agreed by all parties, by and through their solicitors, that the jury heretofore demanded in the pleadings, be and is hereby waived, and it is hereby further agreed by all parties, by and through their solicitors, that this cause be heard by the Chancellor, Hon. W. R. Officer, without the intervention of a jury, upon the pleadings, Exhibits on file, the depositions on file and upon such oral proof and documentary evidence as the parties may offer on the trial in open Court, and this cause shall be tried and heard in pursuance to or in accordance with Chapter 119, Acts of 1917, of the General Assembly of Tennessee, and according to the practice in chancery or equity cases."

The case was heard in the manner stipulated, a decree pronounced, and a broad appeal taken to the Court of Appeals by losing parties. In that court, the appellees

invoked the provision of chapter 94 of the Acts of 1929 that "the transcript before the Court of Appeals in cases tried in any lower court upon oral testimony must contain motion for new trial and bill of exceptions."

In reply the appellants challenged the constitutionality of chapter 94 of the Acts of 1929, and the Court of Appeals being of opinion that the constitutional question was presented in good faith and substantially determinative transferred the case to this court. The case has been heard here upon the validity and upon the proper construction of the Act mentioned.

■ In *W. C. Hibbett* v. *H. D. Pruitt et al., ante* page 285, disposed of the last opinion day, we discussed chapter 94 of the Acts of 1929 at some length. With reference to that portion of the Act above quoted, we expressed the opinion that this provision did relate to chancery appeals in cases tried in that court upon oral testimony, the first sentence of the Act having been interpreted to apply to appeals from courts of law. The court purposely refrained, in *Hibbett* v. *Pruitt et al.,* from any expression as to the effect of the Act upon chancery appeals and as to the extent to which the Act was intended to regulate chancery appeals.

■ Since chapter 119 of the Acts of 1917, a case may be formally tried in the chancery court, upon oral proof by consent of the parties "expressed in writing." By reason of the Act of 1917, a case so heard in that court does not lose its distinctive character as an equity case, and may be reviewed *de novo* upon appeal, under Section 4887, Thompson's-Shannon's Code, and no motion for a new trial is necessary to obtain such a review. *Watkins, Trustee,* v. *Sedberry,* 155 Tenn., 148; *Trice* v. *McGill,* 158 Tenn., 394. This is true, unless chapter 94 of the Acts of 1929 is effective to change the practice.

The appellees construe chapter 94 of the Acts of 1929 to directly require motion for a new trial in all cases heard in the chancery court upon oral testimony, of which it is sought to have a review in the Court of Appeals. That construction seems to have been adopted by one section of the Court of Appeals in another case..

The constitutional objection to the Act is that, so construed, the body of the Act is broader than its caption in violation of Section 17 of Article II; that, while the Act is entitled one "to regulate the hearing of cases in the Court of Appeals," if rendered as urged, it would regulate the hearing in the chancery court—procedure preliminary to the hearing in the Court of Appeals.

If the statute be read as immediately requiring a motion for new trial in all chancery cases heard upon oral testimony, by way of condition to review in the Court of Appeals, the Act would go far beyond the extent indicated by its title. It would revolutionize the procedure for obtaining a review of cases heard in the chancery court under chapter 119 of the Acts of 1917. It would change the remedy for obtaining a review of such cases. The broad appeal authorized by Section 4887, Thompson's-Shannon's Code, would become inappropriate and ineffective and an appeal in the nature of a writ of error, or a writ of error, as at law, would ordinarily be the only remedy of service. The jurisdiction of the Court of Appeals would be limited in such cases to a consideration of those errors only brought to the attention of the chancellor on motion for a new trial.

In the nomenclature of appellate practice procedure preliminary to review, remedies for obtaining review, and jurisdiction of the appellate court on review are things distinct and apart from the hearing in the reviewing court. An Act, purporting in its caption,

merely to regulate the hearing in the appellate court could not deal with all these subjects. We cannot construe chapter 94 of the Acts of 1929 so as to involve it in this constitutional difficulty if possible to avoid so doing.

If the statute be construed as applicable to all cases heard in the chancery court upon oral testimony, it would at least repeal by implication chapter 119 of the Acts of 1917, making such a hearing in that court upon consent of the parties "expressed in writing," regular and according to the forms of the chancery court. So construed, as to cases heard under chapter 119 of the Acts of 1917, the Act of 1929 would repeal by implication Section 4887, Thompson's-Shannon's Code, providing the board appeal in matters of equity tried according to the forms of the chancery court, taking up for re-examination the whole matter of law and fact appearing in the record. Likewise it would repeal by implication Section 4889, Thompson's-Shannon's Code, permitting interlocutory appeals in the discretion of the chancellor, since a motion for a new trial naturally could not be made until after final judgment or decree.

As pointed out in *Hibbett* v. *Pruitt et al.,* and in the cases therein cited, repeals by implication are not favored and a construction giving to an Act such an effect is to be avoided if possible to do so. Nothing short of an irreconcilable conflict between two statutes works a repeal by implication of the earlier statute.

These obstacles in the way make us entirely unwilling to sanction the extension of chapter 94 of the Acts of 1929 to the limits it is claimed by counsel for appellees to reach. Neither the title nor the body of the Act indicates that the legislature intended the statute to have any such effect.

The Act was entitled as one "to regulate the hearing of cases in the Court of Appeals." That portion of the body of the Act, here under consideration, is merely a provision as to the contents of the transcript of the record to be prepared for the hearing in the Court of Appeals. The transcript for the Court of Appeals could not contain a motion for a new trial nor a bill of exceptions, unless the one was made and the other was taken in the lower court. The act, framed alone to regulate the hearing in the appellate court, was not directed at procedure in the lower court. Under the caption it bears, the Act could not require a motion for a new trial nor a bill of exceptions in the lower court in cases where neither was necessary before.

▆ Prior to the Act of 1929, in order to obtain a review of any case heard in the chancery court upon oral testimony, it was necessary to preserve that testimony in a bill of exceptions. Evidence so heard by the chancellor could not otherwise be authenticated for review. *H. C. Codman Co.* v. *Hudson* (Court of Appeals, 1925); *Watkins, Trustee,* v. *Sedberry, supra.* Although this seems plain, the necessity of a bill of exceptions in such cases was not understood by all the profession as appears from the cases just cited.

There is a class of cases heard in the chancery court upon oral testimony illustrated by *Toomey* v. *Atyoe,* 95 Tenn., 373; *Beatty* v. *Schenck,* 127 Tenn., 63; *Choate* v. *Sewell,* 142 Tenn., 487, and *Trice* v. *McGill,* 158 Tenn., 394. The first two of these cases were prior to chapter 119 of the Acts of 1917. The last two were subsequent to that Act but were tried upon oral testimony in the chancery court without the consent of parties expressed in writing. All these cases were reviewed as law cases upon appeal in the nature of a writ of error. They were

tried irregularly, not according to the forms of the chancery court, and were not reviewed *de novo* as upon appeal in equity. It does not appear distinctly from the reported decisions in these cases whether motions for new trial were made therein or not. A motion for a new trial was necessary in each case. In *Toomey* v. *Atyoe, supra,* followed by the other decisions, the review of such cases was assimilated to the review of a jury case in the chancery court and in a jury case in the chancery court "errors in the proceedings therein had can only be corrected as errors are corrected in actions at law." Thompson's-Shannon's Code, Section 4888. Nevertheless, the necessity of a motion for new trial in these cases has not always been understood.

We conclude, therefore, the provision that "the transcript before the Court of Appeals in cases tried in any lower court upon oral testimony must contain motion for new trial and bill of exceptions" was designed to clear up the practice rather than to change the practice. The enactment is declaratory of the practice, not alterative. The regulation as to the contents of the record for the Court of Appeals insures proper practice below. The effect of the regulation is to secure a bill of exceptions in every chancery case tried on oral testimony, of which a review is sought, and a motion for new trial in every such case, not tried by consent of parties "expressed in writing," according to the provisions of chapter 119 of the Acts of 1917.

Since cases like *Toomey* v. *Atyoe, Beatty* v. *Schenck,* and the like, are reviewed as nonjury cases at law, and the mode of review of such law cases has been changed by the first sentence of section 1 of chapter 94 of the Acts of 1929, the new mode of reviewing the law cases will be applicable to the review of these cases ir-

regularly tried in chancery. That is to say, the hearing in the Court of Appeals will be *de novo* but there will be a presumption of correctness as to the judgment of the chancellor where the material evidence is nearly evenly balanced.

It results from the foregoing that no motion for a new trial was necessary in the case before us. Inasmuch as the constitutional question raised was *bona fide* and material, this court retains jurisdiction, and this cause will be remanded to our docket for argument on the merits.