SMITH et al. v. MOSS et al.—104 S. W. (2d) 226.

Western Section. June 19, 1936.

Petition for Certiorari overruled by Supreme Court, January 23, 1937.

Pigford & Key, of Jackson, and D. E. Mitchell, of Henderson, for complainants.

Ross & Ross, of Savannah, and J. I. Galbraith, of Henderson, for defendants.

SENTER, J. The complainants are Mrs. Clora Smith, Mrs. Vergie Cherry, and Mrs. Margaret Jordan, daughters of W. H. Moss, deceased. The defendants are Mrs. Zilpha Moss, widow of W. H. Moss, deceased, Vassie Meadows, a daughter of W. H. Moss, deceased, and the wife of Elmer Meadows, and Lilburn Moss, a son of W. H. Moss, deceased.

The bill seeks to have all the rights and interest of each of the defendants in and to the real and personal estate left by W. H. Moss, deceased, forfeited under sections 8388 and 8395 of the 1932 Code.

Subsequently there was an amendment to the bill, by which a partition of the property among the widow and heirs of W. H. Moss, deceased, was sought in the event the bill was not sustained against the defendants under the forfeiture statute.

The bill proceeds upon the theory that the defendants entered into a conspiracy to murder W. H. Moss, and pursuant to said conspiracy, did kill and murder, or procure the killing and murder of said W. H. Moss, deceased.

There was a demurrer to the bill, which demurrer was sustained by the chancellor and on appeal to the Supreme Court, the action of the chancellor in sustaining the demurrer was reversed and the cause remanded to the chancery court of Chester county for answers and a hearing on the merits.

The defendants answered the bill, denying all material allegations with reference to the alleged forfeiture of their respective interests in the estate.

There had been a motion for a trial by jury, which motion was granted, but a trial by the jury was waived by consent of the parties, and upon the statutory stipulation that the cause would be heard by the chancellor upon oral evidence.

At the hearing of the cause upon the oral evidence under the statutory stipulation, the chancellor found the issues against the complainants as to the defendants Mrs. Zilpha Moss and Mrs. Vassie Meadows, but sustained the bill as to the defendant Lilburn Moss, who had been tried and convicted of the charge of the murder of his father, W. H. Moss, and declared and decreed a forfeiture of all the right, title, and interest of the said defendant Lilburn Moss in and to the estate of W. H. Moss, deceased.

There had been an injunction restraining the widow, Mrs. Zilpha Moss, from collecting a certain certificate of deposit in a bank, in the principal sum of $6,850. This injunction was dissolved by the decree of the chancellor, and on motion of the defendant Mrs. Zilpha Moss the chancellor awarded damages for the wrongful issuance of the injunction in favor of the defendant Mrs. Zilpha Moss against complainants and sureties on the injunction bond.

The chancellor further held and decreed that the parties were entitled to have the real estate partitioned among the heirs at law, subject to the homestead and dower rights therein of the widow, Mrs. Zilpha Moss, and ordered a reference on that subject. The chancellor also decreed two-thirds of the cost of the cause against the complainants, and one-third of the cost against the defendants.

From so much of the decree as denied a forfeiture of the respective shares and interest of Mrs. Zilpha Moss and Mrs. Vassie Meadows in said estate; and in decreeing the judgment on the injunction bond in favor of Mrs. Zilpha Moss, and in adjudging two-

thirds of the cost of the cause against complainants, the complainants prayed and were granted an appeal to this court, and the appeal has been duly perfected and numerous errors assigned.

All the oral evidence heard at the trial of the cause was sent up with the transcript, but it is not contended that it is in the form, or constitutes a bill of exceptions. Appellees have filed their motion in this court to strike from the transcript of the record all that portion of the transcript except the first 122 pages of the technical record, there being a total of 592 pages.

The portion of the transcript to which the motion is directed embraces all of the oral testimony sent up with the transcript. This motion is predicated upon the theory that this evidence was not properly preserved by a bill of exceptions, and that there is no bill of exceptions contained in the record which properly and legally preserves this evidence covered by said portion of the transcript to which the motion is directed.

The motion of appellees is also for an affirmance of the decree of the chancellor, because there is no bill of exceptions contained in the record which properly and legally preserves the alleged oral evidence heard at the trial of the cause and sent up with the transcript, on the theory that all of the assignments of error filed by appellants are directed to certain findings of facts contained in the record.

It is the contention of appellants that under the stipulation entered into by the parties that the oral evidence heard at the trial of the cause under the statutory stipulation between the parties become depositions in the cause of the respective witnesses, and that the same were duly filed by the clerk and master of the chancery court of Chester county in the cause, and, as such, become a part of the technical record under the statute in force in Tennessee.

There was a motion for a new trial made in the lower court.

It is not insisted by appellees that a motion for a new trial was necessary, since the cause was tried according to the forms of equity and not according to the forms of law, but it is the contention of appellees that the cause having been tried on oral evidence under the statutory stipulation, that it must be preserved, if at all, by a bill of exceptions duly signed and ordered to be filed in the cause by the chancellor.

In the order granting the appeal, the chancellor, on motion of complainants, allowed complainants thirty days in which to prepare and tender and have signed and filed a bill of exceptions. What purported to be a bill of exceptions, which is brought into the transcript as the evidence, was presented to the chancellor some months after the trial of the cause, and long after the thirty days allowed by the court had expired, and the chancellor refused to sign the bill of exceptions.

As above stated, it is not contended by appellants, in resisting the motion to strike this evidence from the record, that it is preserved by a bill of exceptions. It is conceded that the chancellor refused to sign a bill of exceptions for the reasons above stated.

Appellants, replying to the motion to strike, rely solely on the construction to be given to chapter 119 of the Public Acts of 1917, being section 10564 of the 1932 Code, and that the stipulation of counsel filed in the cause was pursuant to the provisions of said statute. The stipulation between the parties is as follows:

"In this cause, the defendants with the consent of the complainants, having withdrawn their demand for a jury, made in the pleadings, and waived their right to a trial by jury in this cause, it was thereupon agreed by the complainants and the defendants through their respective counsel that this cause be tried before the Court, upon the oral testimony of the witnesses examined in open Court before the Chancellor, under the provisions of Chapter 119 of the Acts of 1917, Code of 1932, Section 10564, and according to the usual forms of chancery practice, and it is further agreed that said oral testimony heard by the Court may be transcribed by the stenographer and filed in the cause as the depositions of the respective witnesses.

"This 13th day of September, 1933."

The above stipulation was signed by the solicitors of the respective parties.

Appellees do not deny that the above stipulation was duly entered into and made a part of the record in the cause, but it is their contention that this does not relieve appellants from the necessity of having said evidence preserved by a bill of exceptions, or otherwise duly authenticated by the chancellor.

The certificate of the clerk and master at the conclusion of the entire transcript recites in part as follows:

"A true and perfect transcript of the record and bill of costs remaining in my office in the case of Mrs. Clora Smith et al. v. Mrs. Zilpha Moss et al., consisting of 122 pages."

Notwithstanding, the record as sent up by the clerk and master contains 592 pages. The first 92 pages of the transcript contains the transcript of the pleadings and the minute entries. There is also contained in the record in addition an elaborate finding of the facts and an opinion by the chancellor. All the balance of the transcript consists of evidence, which is made the subject of the motion to strike.

On page 93 of Vol. 1 of the transcript is contained the following: ·"Filed September 11, 1934. J. R. Gailbraith, Clerk and Master," which is followed by the following:

"The following testimony was introduced at the hearing of this

cause before the Honorable Tom C. Rye, Chancellor on the 11th day of September, 1934."

And following the above statement from page 93 of Vol. 1, to and through page 572 of Vol. 3, is a statement of what purports to be the testimony of the witnesses introduced and examined orally before the court. At the end of what purports to be the testimony of the last witness examined orally, on page 572, it concludes with the words, "That's all." There is no statement that this was all of the evidence, nor is the above signed by the chancellor.

■ By statute it is provided that depositions in equity causes shall be a part of the record on appeal. Section 8967 of the Code. It is provided by section 8969 that all testimony heard orally and all exhibits, and every paper read upon the hearing in the chancery court, not depositions, or embraced therein, must be identified by the chancellor, and properly authenticated before the same shall constitute a part of the record.

"The mere physical presence of a bill of exceptions, or other document, in the files of the Court of Appeals, without the certificate of the clerk of the trial court is insufficient to authorize the appellate court to consider it as a part of the record of the case in the chancery court." Russell v. Russell, 3 Tenn. App. 232.

It was further held in Russell v. Russell:

"It was held that the clerk & Master is the legal custodian of the records of the chancery court, and a transcript duly certified by him is the only medium through which this court can know the contents of a record in the chancery court; hence the mere physical presence of the bill of exceptions, or other document, in the files of this court, without the certificate of the clerk of the trial court, is insufficient to authorize us to consider it as a part of the record of the case in the chancery court."

It is to be observed that there is no certificate of the clerk and master that the purported evidence is a part of the transcript. He does not so certify; he only certifies as to 122 pages. There are 122 pages of the transcript, including the finding of the facts and opinion by the chancellor and the bill of costs, so it is clear that the clerk and master did not certify to that portion of the transcript sent up by him which embraces the purported evidence heard at the trial of the cause.

However, we think that the comparatively recent case of Fonville v. Gregory, 162 Tenn. 294, 36 S. W. (2d) 900, is conclusive of the question here made and wherein it is stated in a headnote:

"In order to obtain a review of any case heard in the Chancery Court upon oral testimony, it is necessary to preserve that testimony in a bill of exceptions, since evidence so heard cannot otherwise be authenticated for review."

We are therefore of the opinion that the motion to strike that portion purporting to be the evidence heard at the trial of the case from the transcript must be sustained.

It also appears that all the assignments of error filed by appellants are directed to questions of fact, and to the finding of the facts by the chancellor and to the holding of the chancellor. None of the assignments of error are directed to any part of the technical record, but are confined solely to the facts.

In the absence of any evidence properly preserved in the transcript, the facts as found by the chancellor are conclusively presumed to be supported by a preponderance of the evidence.

It results that the motion to strike that portion of the transcript covering the purported evidence heard at the trial of the case, and to affirm the decree of the chancellor is accordingly sustained and the cause is remanded to the further chancery court of Chester county to be further proceeded with under the decree of the chancellor.

The cost of this appeal will be paid by appellants and sureties on the appeal bond.

Anderson and Ketchum, JJ., concur.