Beatty v. Schenck.

# C. E. BEATTY *v.* C. R. SCHENCK *et al.*

'(*Nashville.*   December Term, 1912.)

1. **CHANCERY COURT.** Oral testimony prevents re-examination of the whole matter of law and fact on appeal of a chancery case, when.

The parties are not entitled, on appeal of a chancery case, to have a re-examination of the whole matter of law and fact, where witnesses orally testified in open court, because such procedure is not according to the forms of the chancery court which requires the evidence of witnesses to be in writing or depositions, except in divorce causes and jury trials. (*Post, pp.* 64, 65.)

Code cited and construed: Secs. 4887, 6272 (S.); secs. 3872, 5205 (M. & V.); secs. 3155, 4456 (T. & S. and 1858.)

Case cited and approved: Hardin v. Stanly, 3 Yerg., 381.

2. **SAME.** Findings of chancellor, where jury was demanded and waived, are entitled to force of verdict, when.

In a case in chancery, where a jury was demanded and subsequently waived, and the cause was heard by the chancellor, his findings are entitled to the force of a verdict, and, where the evidence is conflicting, cannot be disturbed, especially where the testimony, or much of it, was orally given upon examination of witnesses in open court. (*Post, pp.* 65-67.)

Cases cited and approved: Eller v. Richardson, 89 Tenn., 580; Sahlien v. Bank, 90 Tenn., 228; Cowan v. Manufacturing Co., 92 Tenn., 379; Toomey v. Atyoe, 95 Tenn., 373.

---

FROM FENTRESS.

---

Appeal from the Chancery Court of Fentress County. —W. W. DRAPER, Special Chancellor.

SMITH & SMITH, for complainant.

CONATSER & CASE, for defendants.

MR. JUSTICE GREEN delivered the opinion of the Court.

This is an ejectment suit, decided in favor of the defendants below, and appealed by complainant to this court.

The chancellor was of the opinion that defendants had the better legal title, and was also of opinion that complainant's suit was barred by the statute of limitations; he finding that defendant had had seven years' continuous adverse possession of the land in question.

Prior to the hearing of this case, the defendants gave notice in accordance with a rule of court that they would demand a jury to try the issues raised by the pleadings herein. When the case came on for trial, it appears from the decree that "the demand heretofore made for a jury to try the cause is waived, and, the cause coming on to be heard upon the bill, answer *pro confesso,* depositions on file, oral testimony," etc., it was ordered, adjudged, etc.

Much proof was offered by both sides under the plea of the statute of limitations as to the continuity of defendants' possession. Much of this testimony was oral and in open court, the witnesses being examined in the presence of the chancellor, and, as said before, the chancellor found the issues raised by this plea in favor of defendants.

In a case so tried, where the testimony is conflicting, we are loath to disturb the finding of the chancellor, when he had the witnesses before him, saw them, and heard them testify.

Section 6272 of Shannon's Code, founded on chapter 31 of the Acts of 1819, provides: "In all causes in chancery except divorce causes [and jury trials], the testimony of witnesses shall be taken in writing without compelling their personal attendance. In divorce cases [and jury trials] either party may examine the witnesses in open court, or take their proof by deposition as in other cases."

In *Hardin* v. *Stanly,* 3 Yerg., 381, it was held to be error to examine a witness in a chancery cause in open court, since the passage of the above act; and it was held that for such procedure a case would be reversed if objection was made.

Such procedure is irregular, can only be followed by consent, and a trial so had is not according to forms of the chancery court. The parties are not, therefore, entitled on appeal to have a re-examination of the whole matter of law and fact, under the provisions of Shannon's Code, 4887.

In cases of chancery, where a jury is demanded, and subsequently waived by the parties, with an agreement that the chancellor shall sit as a jury, his findings are always given the force of a jury's verdict. *Toomey* v. *Atyoe,* 95 Tenn., 373, 32 S. W., 254.

∴ In that case, in discussing the force and effect of the chancellor's finding under such circumstances, this court said such force and effect was the result "as a matter of law and practice from the facts so appearing, and not from the agreement that such should be the effect."

The court further said:

"It is a familiar rule that the findings of fact by a circuit judge will have the same weight in this court as the verdict of a jury. *Cowan* v. *Singer Mfg. Co.*, 92 Tenn., 379, 21 S. W., 663; *Sahlien* v. *Bank,* 90 Tenn., 228, 16 S. W., 373; *Eller* v. *Richardson,* 89 Tenn., 580, 15 S. W., 650, and citations there made. The reason for this rule is that the parties, being entitled to a jury, have waived it, and permitted the court to try the issues of fact in the room and stead of a jury. The same reason exists in the case before us, and the same rule is applicable. The parties had become entitled to a trial by a jury, but waived the actual presence of the jury, and submitted the issues of fact to the chancellor as a jury." *Toomey* v. *Atyoe,* supra.

We think the rule adopted in the foregoing case should be applied here. Where the parties ignore the statute, and fail to take the testimony of witnesses in writing, but bring these witnesses for examination into the chancery court, we will not disturb the finding of the chancellor upon proof so offered, if such proof is conflicting.

In the case at bar, as in *Toomey* v. *Atyoe,* it might be said the parties were entitled to a jury, but had

waived the actual presence of the jury and submitted the issues of fact to the chancellor as a jury. Certainly a jury was demanded. At any rate, a large portion of the testimony was taken in the presence of the chancellor by oral examination of witnesses. The chancellor saw and heard these witnesses, had the best opportunity to determine their credibility, and in fact every reason which induces this court to give such high dignity and binding effect to the finding of a circuit judge on controverted questions of fact in nonjury cases is here present, and induces us to treat the finding of the chancellor with like consideration.

From what has been said, it follows that we must accept the finding of the chancellor in this case on the issues of fact raised by defendants' plea of the statute of limitations. This finding having been in favor of defendants, it results that the decree of the chancellor is affirmed, and complainant's bill dismissed.