# C. C. CHOATE v. PORTER SEWELL et al.

## (*Nashville*. December Term, 1919.)

1. **EQUITY.** Procedure as to hearing on oral testimony in chancery held not affected by statute.

Acts 1917, chap. 119, relating to procedure in chancery, was not intended to and did not have the effect of changing the forms of proof in the chancery court, and it is only by consent of the parties that a case in chancery can be heard on oral testimony in nonjury cases. (*Post*, p. 489.)

Acts cited and construed: Acts 1917, ch. 119.

Case cited and approved: Beatty v. Schenck, 127 Tenn., 63.

Code cited and construed: Sec. 6272, (T.-S.).

2. **APPEAL AND ERROR.** Fact finding by chancellor after waiver of jury has same weight as verdict of jury.

Where the parties to a case in chancery being entitled to trial by jury agree to waive the presence of the jury and to submit the case to the chancellor, the case is still a jury case, and the chancellor's finding of fact has the same weight as a verdict of a jury. (*Post*, pp. 489-492.)

Cases cited and approved: Toomey v. Atyoe, 95 Tenn., 377; Slatton v. Tenn. Coal & Iron Co., 109 Tenn., 424; King v. Coleman, 84 Tenn., 571; Vaughn v. Vaughn, 100 Tenn., 282; Phillips v. Kimmonds, 94 Tenn., 565; City v. Manufacturing Co., 93 Tenn., 279; Brakefield v. Anderson, 87 Tenn., 209; Inman v. Tucker, 138 Tenn., 529; Ellege v. Cooke, 73 Tenn., 622; Cazassa v. Cazassa, 92 Tenn., 573; Bailey v. Henry, 125 Tenn., 390; Moore v. Burrow, 89 Tenn., 105; Kittel v. Steger, 121 Tenn., 400; Haynes v. Jones, 39 Tenn., 372; O'Neal v. Breecheen, 64 Tenn., 604; Redman v. Bowles, 37 Tenn., 551; Sullivan v. Ivey, 34 Tenn., 487; Beard v. Bricker, 32 Tenn., 50; James v. Patterson, 31 Tenn., 309; Fain v. Headrick, 44 Tenn., 334.

Code cited and construed: Sec. 4458 (T.-S.).

3. **ADVERSE POSSESSION.** Statute applies to entire parol gift of land whether inclosed or not.

Thomp. Shan. Code, sec. 4458, providing that no person or any one claiming under him shall have any action for any lands, tenements, or hereditaments but within seven years after the right of action has accrued, applies to a parol gift of land where the donee has entered into possession with the donor's knowledge and is claiming adversely and to all the land embraced in the parol gift, whether it is under inclosure or not, the statute running against the right of repudiation. (*Post, pp. 492, 493.*)

FROM FENTRESS.

Appeal from the Chancery Court of Fentress County. —Hon. W. R. Officer, Chancellor.

W. A. Garrett, for appellant.

W. R. Case and L. T. Smith, for appellee.

Mr. Chief Justice Lansden delivered the opinion of the Court.

This is an action of ejectment. The chancellor dismissed the bill as it affected lands which were inclosed and occupied by defendants for more than seven years. Both sides have appealed.

The case was a jury case, and there were two jury trials; but at the third and last trial the parties agreed to waive the actual presence of a jury, and submit the case to the chancellor. He found the facts upon which defendants relied in defendants' favor, and dismissed the bill as above stated.

The first question to be determined is whether the case is triable *de novo* in this court. The complainant insists that the case is so triable by us notwithstanding *Beatty* v. *Schenck*, 127 Tenn., 63, 152 S. W., 1033, because of chapter 119, Acts of 1917. It is in-

sisted that this act of the legislature makes oral testimony in the chancery court the ordinary usage of that court, and for that reason *Beatty* v. *Schenck,* supra, is not controlling.

Chapter 119, Acts of 1917, was not intended to and did not have the effect of changing the forms of proof in the chancery court. Upon its face it is only an exception to the usual forms of that court, and the exception is not given to either party as a matter of right. Oral testimony may be introduced in the various chancery courts of this State in open court "upon the agreement or consent of the parties to such suit expressed in writing and filed in the cause to be so heard and tried." It is only by consent of the parties that a case in chancery can be heard on oral testimony, in nonjury cases, and we think such a provision in the statute does not affect the usual forms of hearing in the chancery court. Such forms are prescribed in section 6272 of Thompson's Shannon's Code. This section also contains the act of 1917, supra, and a reading of the entire section will show that the usual form of practice in the chancery court is to take the testimony of witnesses in writing.

However, we are further of opinion that neither the act of 1917 nor the case of *Beatty* v. *Schenck,* supra, controls this case. This is a jury case, and there were actual trials before juries before the last trial. At the last trial the parties agreed to waive the actual presence of a jury and submit the case to the chancellor. The case was still a jury case, and the finding of fact by the chancellor has the same weight as the verdict of a jury. The parties agreed to waive the jury, when entitled to one, and submit the facts to

the chancellor. *Toomey* v. *Atyoe,* 95 Tenn., 377-379, 32 S. W., 254.

There is abundant evidence to support the finding of the chancellor and in fact there is no assignment of error to the effect that his findings are not supported by proof. He found that complainant by parol gift conveyed the land sued for to his daughter at the time she intermarried with her co-complainant, Reagan; that they entered into possession as purchasers and for themselves in the year of 1900, and have remained in possession as such parol purchasers ever since, or for about seventeen years; that their possession of the land by inclosure for more than seven years under such parol gift has barred complainant's right to maintain his suit to the extent of actual inclosures, but no further. He referred the case to the clerk and master and instructed him to clear proof and report how much of the land was inclosed and what part was not inclosed. The complainant has appealed from that part of the decree which held that he had given any part of the land sued for to his daughter, Mrs. Reagan, absolutely; his contention being that he gave defendants the land, its use and possession, until he might need it, but reserved to himself the right to reclaim it at any time he saw proper. He also says that he agreed to pay the taxes on the land.

But this is all a question of controverted evidence, the defendants saying that he gave his daughter the land absolutely, and that they entered into the possession of it as owners, and have improved it by building houses, fences, etc., to the extent of more than $2,500, and have beautified it as a home, and have improved

the land in many material ways; all of which they claim to have done as the owners of the land and at the suggestion of complainant. The chancellor accepted the defendants' version of the case, and found the facts to be as stated by them. This is binding upon us as stated before, and his conclusion of fact is abundantly supported by the evidence.

The defendants have appealed, and have assigned as error the action of the chancellor in holding that their possession had not barred the complainant's remedy as to the uninclosed as well as the inclosed portions of the land. We have a number of cases which hold that the possession of a parol vendee is for himself, and that seven years of such possession will perfect a defense under the second section of the act of 1819, Thompson's Shannon's Code, section 4458. , *Slatton* v. *Tenn. Coal & Iron Co.*, 109 Tenn., 424, 75 S. W., 926; *King* v. *Coleman*, 84 Tenn·, 5471, 40 S. W., 1982; *Vaughn* v. *Vaughn*, 100 Tenn., 282, 45 S. W., 677; *Philips* v. *Kimmonds*, 94 Tenn., 565, 29 S. W., 965; *City* v. *Manufacturing Co.*, 93 Tenn., 279, 24 S. W., 121, 42 Am. St. Rep., 919; *Brakefield* v. *Anderson*, 87 Tenn., 209, 10 S. W., 360; *Inman* v. *Tucker*, 138 Tenn., 529, 530, 198 S. W., 247; *Ellege* v. *Cooke*, 5 Lea, 622.

The following cases have expressions in them which indicate that a parol vendee is limited in his defense to his actual inclosures: *Cazassa* v. *Cazassa*, 92 Tenn., 573, 22 S. W., 560, 20 L. R. A., 178, 36 Am. St. Rep., 112; *Bailey* v. *Henry*, 125 Tenn., 390, 143 S. W., 1124; *Moore* v. *Burrow*, 89 Tenn., 105, 17 S. W., 1935; *Kittel* v. *Steger*, 121 Tenn., 400, 117 S. W., 500;

*Inman* v. *Tucker,* supra. The point was apparently
held in *Haynes* v. *Jones,* 2 Head, 372, and *O'Neal*
v. *Breecheen,* 5 Baxt., 604. In the last two cases the
holding is based upon the former holding of this court
that a parol gift of land is void. Such is so stated in
the two cases. This is no longer true in this State, and,
the reason of the rule having failed, the rule itself
should fail. *Brakefield* v. *Anderson,* 87 Tenn., 211,
10 S. W., 360; *King* v. *Coleman,* 98 Tenn., 571, 40
S. W., 1082. It is accordingly held in a number of
cases that the vendee in possession holds for himself,
and not as tenant of the vendor, during the currency
of the parol contract and until it is repudiated. *Red-
mond* v. *Bowles,* 5 Sneed, 551, 73 Am. Dec., 153;
*Sullivan* v. *Ivey,* 2 Sneed, 487; *Beard* v. *Bricker,*
2 Swan., 50; *James* v. *Patterson,* 1 Swan., 309, 55
Am. Dec., 737; *Fain* v. *Headrick,* 4 Cold., 334. And
see also *Ellege* v *Cooke,* supra, in which a thorough
discussion of the question will be found. Section 4458
of Thompson's Shannon's Code is as follows:

"No person, or any one claiming under him, shall
have any action, either at law or in equity, for any
lands, tenements, or hereditaments, but within seven
years after the right of action has accrued."

Many cases are referred to under the notes in the
Code following this section, and they show that almost
every form of possession has been adjudicated by
this court, except the one in controversy here. The
right of a parol vendor, or donor, to repudiate the
parol sale, or gift, accrues immediately upon making
it. Where the parol vendee, or donee, enters into
possession with the knowledge of the parol vendor, or

donor, claiming adversely to him and all the world, the above-quoted statute applies. It applies to all of the land embraced in the parol gift whether it is under inclosure or not. The statute runs against the right of repudiation. Adverse possession between the parol vendee and a stranger to the title is another question than adverse possession between the parol vendee and the parol vendor. The parol gift is voidable only and not void. The vendee is in possession as a purchaser and adversely to the parol vendor. Such adverse possession for seven years extinguishes the right of the parol vendor to have as action, either at law or in equity to repudiate his conveyance of the lands. This is the very language if the statute and we must give it such effect. The action of ejectment is a repudiation of the parol gift but the action must be brought within the time limited by the statute.

A question of estoppel is made against the complainant. It is said, and the proof shows, that defendants entered into the lands sued for at the direct instance of complainant. The defendants had about $2,500 with which they expected to purchase a home, and they discussed this question with the complainant. He advised them to take the land sued for and build a home upon it. They did this about the year 1900, and otherwise improved and beautified the place. We do not decide the question of estoppel, but we hold that defendants, having entered into possession for themselves, and as parol donees, are protected by the statute above quoted.

The decree of the chancellor is modified in the particulars pointed out, and is affirmed.