Vella Melhorn

*v.*

Lee Melhorn.

Vella Melhorn, Adm'x

*v.*

Walter Melhorn, Jr.

(*Knoxville,* September Term, (May Session), 1960.)

Opinion filed July 26, 1961.

GEORGE H. BUXTON, JR., HARRY L. JOYCE, Wartburg, for plaintiff.

LADD & QUALLS, Harriman, for defendants.

MR. JUSTICE FELTS delivered the opinion of the Court.

By agreement of the parties, these two cases were heard together upon oral testimony before the Chancllor "sitting as a jury." He dismissed the suits. Complainant appealed in error, and the Court of Appeals affirmed the dismissal. We granted certiorari and the cases have been heard here.

In the first case, complaint, as administratrix of John Melhorn, deceased, sued Lee Melhorn for $413, which was in deceased's billfold at his death and used by Lee Melhorn in part payment of the funeral expenses, and for $2,500 on deposit in the First National Bank of Harriman in the joint account of "John or Lee Melhorn."

In the second case, complainant, as administratrix of John Melhorn, deceased, sued Walter Melhorn, Jr., for $1,548 on deposit in the First National Bank of Rockwood in a joint savings account, evidenced by a passbook in the names of "John Melhorn or Walter Melhorn, Jr."

Lee Melhorn admitted in his answer that he applied the $413 on deceased's funeral expenses. This was done before any administrator was appointed. The balance of the funeral expense was $1,077.34, which was paid by defendants Lee Melhorn and Walter Melhorn, Jr. They also paid $386.24 for a monument placed at the grave of deceased.

Defendant Lee Melhorn admitted in his answer the amount of the joint account in the Harriman Bank, and stated that this deposit was made in accord with the intention of the deceased to create a joint ownership in the fund with the right in the survivor to take it. Lee Melhorn himself put $600 into this account. The signature card signed by both John Melhorn and Lee Melhorn contained an agreement as follows:

"Joint Account

"John or Lee Melhorn

"The undersigned joint depositors hereby agree each with the other and with the First National Bank in Harriman, Tennessee, that all sums now on deposit or heretofore or hereafter deposited by either or both of said joint depositors with said bank to their credit as such joint depositors with all accumulations thereon, are and shall be owned by them jointly, WITH RIGHT OF SURVIVORSHIP, and be subject to the check or receipt of either of them or the survivor of them * * *."

Walter Melhorn, Jr., admitted in his answer that there was opened in the Rockwood Bank a joint savings account in the sum of $1,500 in the name of "John or Walter Melhorn, Jr.", as shown by a passbook which had to be presented before any withdrawal could be made. It was further stated that John Melhorn intended, by this deposit, to create a joint ownership in the money with the right in the survivor to take it; and that he gave this passbook to Walter Melhorn, Jr. to keep for that purpose.

In the trial before the Chancellor, at the close of the evidence for complainant, defendants moved the court to dismiss the suits for want of sufficient proof. The Chancellor overruled this motion; defendants introduced their evidence; and, as stated, the Chancellor found the proof supported the defenses set up in the answers and dismissed the bills. Complainant's motion for a new trial was overruled, she appealed in error, with the result above stated.

In the Court of Appeals complainant assigned error upon the Chancellor's action in allowing defendants to

introduce any proof after he overruled their motion to dismiss at the close of complainant's proof. It is urged that it is not correct practice in equity to entertain such a motion until the close of all the evidence; and that when defendants made this motion they should have been treated as having closed the case, and should not have been permitted to offer any proof.

For this insistence complainant relies on cases of the Court of Appeals which do declare this to be the correct rule of practice in equity cases in this state. *Humphreys v. Humphreys,* 39 Tenn.App. 99, 127-128, 281 S.W.2d 270, 283-284; *Dyersburg Production Credit Ass'n v. McGuire et al.,* 40 Tenn.App. 99, 289 S.W.2d 540-541; *Patterson v. Anderson Motor Co.,* 45 Tenn.App. 35, 319 S.W.2d 492.

In the case before us, however, the Court of Appeals quoted Gibson's Suits in Chancery (5th ed.), sec. 567, to the effect that there "seems to be no prohibition" against a defendant, at the close of complainant's presentation, "moving to dismiss or from demurring to the evidence," and that after such a motion is overruled, the defendant may put on his evidence, and renew his motion to dismiss at the close of all the evidence.

And after quoting this statement, the Court of Appeals expressed the opinion that Gibson stated the better rule, and the court declined to follow the rule stated in the cases above cited, but expressed the hope that we might clarify this question of procedure.

We do not reach that question, however, in this case, because it was tried by the Chancellor *"sitting as a jury."* The rule of equity practice above referred to does not apply to jury cases, but only to equity cases; i. e., cases tried regularly according to the forms of chancery, which

are reviewable by appeal (T.C.A. sec. 27-301), or cases tried irregularly by the Chancellor and reviewable by appeal as provided by T.C.A. sec. 27-303.

■ In a chancery case where, as here, the parties, having a right to a jury trial, waive such right, and agree that the case be heard by the Chancellor *"sitting as a jury,"* the effect is to substitute the Chancellor for the jury, and to give his findings the same force as the verdict of a jury. Such findings are treated as a jury verdict and are reviewable only by appeal in error. T.C.A. sec. 27-302.

This conclusion is supported by a number of our cases. *Toomey v. Atyoe,* 95 Tenn. 373, 32 S.W. 254; *Beatty v. Schenck,* 127 Tenn. 63, 152 S.W. 1033; *Choate v. Sewell,* 142 Tenn. 487, 221 S.W. 190; *Phifer v. Mutual Benefit Health and Accident Ass'n* 24 Tenn.App. 600, 148 S.W.2d 17, 20; *Cole v. Walker,* 25 Tenn.App. 392, 158 S.W.2d 57.

In *Beatty v. Schenck,* supra, it was said: "In cases of chancery, where a jury is demanded, and subsequently waived by the parties, with an agreement that the chancellor shall sit as a jury, his findings are * * given the force of a jury's verdict. *Toomey v. Atyoe,* 95 Tenn. 373, 32 S.W. 254." 127 Tenn. 65, S.W. 1033.

■■ So, for procedural purposes, the case before us is to be treated and reviewed as a jury verdict, and not as an equity case. The Court of Appeals properly held that the Chancellor did not err in permitting defendants to introduce their evidence after he overruled their motion to dismiss.

This is as far as our decision can go. Important as is the rule of equity practice above referred to, we cannot settle it in this case, cannot go beyond what is necessary

for the decision of the case and undertake to decide a matter not before us.

■ We are satisfied with the decision by the Chancellor and the Court of Appeals of the other issues in the case. We agree that complainant was not entitled to recover the $413 applied in part payment of the deceased's funeral expenses before the appointment of an administrator. This funeral expense was a perferred claim.

The Chancellor and the Court of Appeals concurred in finding that the joint survivorship account in the Harriman Bank, in the names of ''John or Lee Melhorn,'' was opened with the intention on the part of John Melhorn to create a joint tenancy, or joint ownership, in the fund with the right in the survivor to take it.

Such an intention was established by the testimony of the officers of the bank, and by the joint signature card signed by John Melhorn and Lee Melhorn, containing the agreement between themselves and the bank that the money on deposit in this account ''*shall be owned by them jointly,* WITH RIGHT OF SURVIVORSHIP,'' and be subject to the check of either of them or of the survivor.

■ While our statute abolished common law joint tenancy, it did not affect or limit the right of persons by will, deed, or contract, to create an estate of survivorship. *McLeroy v. McLeroy,* 163 Tenn. 124, 40 S.W.2d 1027; *Howell v. Davis,* 196 Tenn. 334-339, 268 S.W.2d 85.

■ The Chancellor and the Court of Appeals also concurred in finding that the joint survivorship savings account in the sum of $1,500 in the Rockwood Bank was opened with the intention on the part of John Melhorn to create a joint ownership in the fund with the right

in the survivor to take it. We think the proof fully supports this concurrent finding.

In *Sloan v. Jones,* 192 Tenn. 400, 241 S.W.2d 506, 507, 25 A.L.R.2d 1235, where a husband and wife, residents of this state, opened a joint bank account in the name of "Joe Tatum or wife," under circumstances warranting an inference of an intention on their part to effect a joint ownership of the fund, this Court held that an estate by the entirety was thereby created, so that the survivor was entitled to the fund.

*Sloan v. Jones* is a leading case on the question, and its underlying principle is that an estate of survivorship may be created by the parties in opening and maintaining a joint bank account, in the name of A. or B. under circumstances warranting an inference of such an intention on their part.

The conclusion of the Chancellor and of the Court of Appeals upholding the right of survivorship in each of these bank accounts, is fully supported by the authority of *Sloan v. Jones,* supra. It is also supported by the decision of the Court of Appeals in *Peoples Bank v. Baxter,* 41 Tenn.App. 710, 298 S.W.2d 732, where the Court upheld the right of the survivor, as a donee third party beneficiary of the contract of deposit.

The judgment of the Court of Appeals is affirmed and the costs are adjudged against the appellant.

TOMLINSON, JUSTICE, not participating.