**Lee Oda CHAMBERS, Administratrix of the Estate of Mary Victoria Holmes, Deceased, Plaintiff-Appellant,**

v.

**Donald E. HENRY, Defendant-Appellee.**

Court of Appeals of Tennessee,
Western Section.

Dec. 1, 1981.

Application for Permission to Appeal
Denied by Supreme Court
March 8, 1982.

Randi B. Rich, Charles M. Cary, Bolivar, for plaintiff-appellant.

David O. Kemp, Bolivar, for defendant-appellee.

NEARN, Judge.

Mary Victoria Gibson Holmes died on January 16, 1979, at the age of 87 years.

This action was brought by the plaintiff, Lee Oda Chambers, administratrix of Mrs. Holmes' estate, against the defendant, Donald E. Henry, seeking an accounting from the defendant and seeking recovery of funds for the estate which were obtained by the defendant from Mrs. Holmes both prior to and after her death. After trial the Chancellor found that monies given to Mr. Henry by Mrs. Holmes and held at the time of her death in a certificate of deposit in the sum of $7,692.78 payable to Donald Henry or Mrs. Mary Holmes were rightfully the property of Mr. Henry. However, he did order that Mr. Henry refund to the plaintiff · as administratrix, the balance—$238.98—of a burial policy owned by Mrs. Holmes and received by Mr. Henry after Mrs. Holmes' funeral.

The plaintiff has appealed that part of the Chancellor's decision denying plaintiff's claim to the proceeds of the certificate of deposit. For the reasons stated below, we are constrained to sustain plaintiff's contention that Tennessee law does not allow defendant's retention of all the contested funds and the cause must be remanded for an accounting in accordance with this opinion.

Mrs. Holmes moved to Tennessee from California approximately two years before her death. Her husband and children had predeceased her and she had several living relatives in Tennessee, including the plaintiff's husband, who was a nephew of Mrs. Holmes. In late 1979, the plaintiff flew to California to accompany Mrs. Holmes to Tennessee to live. Mrs. Holmes lived with the plaintiff and her husband for a brief period of time, but she subsequently moved in with Mrs. Graple Henry, the mother of the defendant, with whom she lived for approximately two years until her death.

After coming to Tennessee, Mrs. Holmes opened two savings accounts in Hardeman County. In September, 1978, Mrs. Holmes withdrew the balance of both accounts, totaling $7,693.01 and entrusted the money to the defendant.

The defendant does not contend that Mrs. Holmes gave the money to him as a gift.

He says that these funds were transferred to him by Mrs. Holmes because she anticipated going into a nursing home. She wanted him to take care of her needs, pay her bills, and pay her funeral expenses, including burial in California. Both the defendant and Mrs. Holmes' pastor testified that Mrs. Holmes' intent was that upon her death defendant keep whatever money remained after payment of her bills and funeral expenses. After obtaining the funds from Mrs. Holmes, the defendant first put the funds in his personal lock box at the Hardeman County Savings Bank, and on November 20, 1978, the defendant placed the funds in a certificate of deposit in the name of Mary Holmes or Donald Henry. Upon Mrs. Holmes' death in January, 1979, the defendant cashed the certificate of deposit, placed $5,000.00 of the proceeds in his and his wife's personal account at the Hardeman County Savings Bank and had the remaining funds issued in traveler's checks.

Pursuant to Mrs. Holmes' wishes, a funeral service was conducted for her in Hardeman County and Mr. Henry then accompanied her body to California for burial. With the funds he obtained from Mrs. Holmes, the defendant paid for Mrs. Holmes' funeral service in Hardeman County and the expenses he and his wife incurred in the trip to California. The expense of Mrs. Holmes' burial in California was paid from a burial policy she owned there and the difference of $238.98 was refunded to the defendant personally.

At the time of Mrs. Holmes' death in January, 1979, the funds obtained from her by the defendant were in a certificate of deposit in the sum of $7,692.78 payable to "Donald Henry and Mrs. Mary Holmes." The Chancellor found the defendant entitled to the proceeds of this certificate of deposit based upon the "contract theory," since the defendant was the surviving party on the certificate.

The Chancellor, in his opinion, and the defendant on appeal, rely primarily upon the Tennessee cases of *Melhorn v. Melhorn*, (1961) 208 Tenn. 678, 348 S.W.2d 319, and

*Buntin v. Meriwether*, (1966) 56 Tenn.App. (W.S.) 492, 408 S.W.2d 667, in which survivors on joint bank accounts, which accounts did not specify rights of survivorship, were found entitled to the funds because such was the intent of the deceased depositor. In the present case, however, the depositor is not the deceased. The depositor was the defendant who, by his own candid testimony, held the funds of Mrs. Holmes in trust for her benefit. This distinction is fatal to the defendant's reliance upon the contract theory.

The contract theory, through which funds in certain joint bank accounts in effect bypass state law of wills and intestacy succession, is basically a theory of third party donee beneficiary. The survivor is considered to be the donee of a contract between the deceased depositor and the bank. This theory was first expressly adopted in Tennessee in *Peoples Bank v. Baxter*, (1956) 41 Tenn.App. (W.S.) 710, 298 S.W.2d 732, in which the certificate of deposit specified that it should be payable to the named party upon the death of the depositor. Judge Carney dissented in *Baxter*, expressing his opinion that the holding improperly allowed a testamentary disposition in violation of Tennessee's law of wills. Nevertheless, the *Melhorn, supra,* and *Buntin, supra,* cases extended the *Baxter* approach to include situations in which the bank account did not specify rights of survivorship but the proof established that the deceased depositor's intent was to create joint ownership with the right of survivorship.

The flaw in defendant's reliance upon *Baxter, supra, Melhorn, supra,* and *Buntin, supra,* is that the defendant cannot be the beneficiary of a contract between Mrs. Holmes and the bank because Mrs. Holmes had no dealings with the bank. Mrs. Holmes did not purchase the certificate of deposit intending that the bank pay the money to Mr. Henry upon her death. Neither did she instruct Mr. Henry to deposit the money any where in any manner. She simply entrusted him with the funds for a specific purpose. Mr. Henry, with all good intentions, purchased the certificate in both their names, but the intention was his; not Mrs. Holmes'. By doing so, he did not correct what may have been Mrs. Holmes' error in not executing a will or a contract with a bank to provide that the money should go to Mr. Henry upon her death. When Mrs. Holmes died, Mr. Henry's position was no different than if the money was still in his lock box. Although Mrs. Holmes may have intended that Mr. Henry have the remainder of the money upon her death, she failed to make a legally effective testamentary disposition. See T.C.A. §§ 32–101 through –108.

Other issues raised by plaintiff regarding the admissibility of evidence presented by the defendant are rendered moot by our decision that plaintiff is entitled to an accounting even assuming the admissibility of the contested evidence.

The cause is remanded to the Chancery Court of Hardeman County for entry of judgment against defendant Henry for the amount of money Mrs. Holmes entrusted to him, less the amounts spent in furtherance of his trust. Costs are adjudged against the Estate of Mary Victoria Holmes.

Done at Jackson in the two hundred and sixth year of our Independence and in the one hundred and eighty-sixth year of our Statehood.

SUMMERS, J., and McLEMORE, Special Judge, concur.