IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 27, 2017 Session

IN RE ESTATE OF JAMES E. MILLER

Appeal from the Probate Court for Monroe County
No. 2010-117     Dwaine B. Thomas, Judge

No. E2016-01047-COA-R3-CV

This is a probate case.  Vickie Miller (Widow), personal representative of the estate of her late husband, James E. Miller (Decedent), petitioned the trial court for letters of administration.  Decedent died intestate on July 17, 2010.  At issue is the ownership of Jim Miller Excavating Company, Inc. (the corporation), the company operated by the Decedent.  Widow argues that she is the owner of all of the 1,000 shares of stock that the corporation issued to "Jim Miller and Vicky [*sic*] Miller JTROS" shortly after the company's incorporation on April 3, 1990.  She filed a copy of the stock certificate, dated April 30, 1990.  Mechelle Miller and Jamie L. Shannon, Decedent's daughters and heirs of the estate, argue that the stock certificate was invalid and that the corporation's assets should be part of Decedent's estate.  The daughters filed a copy of the corporation's bylaws, in which the following language is found:  "the Board of Directors shall consist of one individual, *to-wit,* its sole shareholder, James E. Miller."  The trial court granted Widow's motion for summary judgment.  Only Mechelle Miller appealed.  We hold that there is a genuine issue of material fact as to whether the corporation's directors and incorporators intended that the company would be owned by Decedent and Widow as joint tenants with the right of survivorship.  We vacate the trial court's summary judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court
Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

1

Mark Jendrek, John M. Lawhorn, and Richard E. Graves, Knoxville, Tennessee, for appellant, Mechelle Miller.

John W. Cleveland, Sr., Sweetwater, Tennessee, for appellee, Vickie C. Miller, personal representative and administrator of the estate of James E. Miller.

**OPINION**

**I.**

It is not disputed that Jim Miller Excavating Company was duly incorporated. Patrick H. Grant, an accountant who incorporated the business, signed the corporate charter on March 31, 1990. The Secretary of State received it on April 3, 1990. The charter authorizes the issuance of 1,000 shares of stock. Widow filed the affidavit of incorporator Grant, who testified in pertinent part as follows:

> [A]s part of my practice as an accountant, I prepared documents as the incorporator for filing with the Secretary of State of . . . Tennessee to create corporations for my clients.
>
> I met Jim Miller through one of my other bookkeeping clients and agreed to keep his records and prepare his tax returns. . . .
>
> In March, 1990, I incorporated Jim Miller Excavating Co., Inc. Jim Miller was the President, his wife, Vickie Miller was the Vice President and I was the Secretary.
>
> . . . I told him I had better put both names on the stock certificate in case he came to a sudden end. We both laughed. Little did we know he would be murdered 20 years later. I issued the stock to Jim Miller and Vicky Miller JTROS, my abbreviation for Joint Tenants with Right of Survivorship.

(Paragraph numbering in original omitted.) Grant further stated that in 2000, he turned over the bookkeeping duties of the corporation to another accountant. He later resigned as the corporation's secretary.

Widow also filed her own affidavit, testifying, similarly to Grant, as follows:

> In March, 1990, [Decedent] and I incorporated Jim Miller Excavating Co., Inc. The shares of stock were issued to Jim

2

Miller and Vicky Miller JTROS, as Joint Tenants with Right of Survivorship. A copy of the original stock certificate issued for 1000 shares of stock in Jim Miller Excavating Co., Inc., issued to Jim Miller and Vicky Miller, JTROS is attached as Exhibit A to this Affidavit[.]

The original stock certificate was never endorsed to transfer any of the stock to any other person, no shareholder agreement or buy-sell agreement was ever executed after the incorporation of Jim Miller Excavating Co., Inc., and when Jim Miller died, he and Vickie Miller still owned all of the shares of stock in Jim Miller Excavating Co., Inc., as joint tenants with right of survivorship.

(Paragraph numbering in original omitted.) The stock certificate is signed by Patrick Grant on a signature line designated "Secretary."

Widow filed a motion for summary judgment, alleging, among other things, that "the shares of stock in [the corporation] passed to [Widow] as surviving joint tenant with right of survivorship." The daughters opposed the motion, arguing that the stock certificate "is defective on its face," citing Tenn. Code Ann. § 48-16-206(d)(1) (2012), which provides that a share certificate issued by a corporation "shall be signed . . . by two (2) officers designated in the bylaws or by the board of directors." Widow countered by citing subsection (a) of the same statute, which states that "[s]hares may but need not be represented by certificates," and arguing that even if there was a technical defect resulting from the lack of a second signature, the clear intent of the incorporators and directors was to issue 1,000 shares of stock to Decedent and Widow as joint tenants with the right of survivorship. The daughters also pointed to a provision in the corporate bylaws, which had been produced by Widow in her discovery responses, that refers to Decedent as the corporation's "sole shareholder." In addition, they filed the affidavit of Wayman B. Pritchard, who testified that he was a friend and business associate of Decedent, who had told him in 2007 that Decedent "owned all the shares of Jim Miller Excavating himself, explaining that his wife did not have any ownership interest in the corporation – he was the sole shareholder." Widow objected to this affidavit on several grounds, including that it was inadmissible hearsay.

Following a hearing, the transcript of which is not included in the record, the trial court granted Widow summary judgment in an order providing, in pertinent part, as follows:

3

[T]he copy of the Stock Certificate, the Charter, the affidavit of the Incorporator and the affidavit of Mrs. Vickie Miller all support the notion that all involved in the formation of Jim Miller Excavating Co. Inc. were all of one mind and accord in the issuance of all stock to [Decedent and Widow] as Joint Tenants with the Right of Survivorship.

* * *

The averments of the Non-Movants as to representations made by [Decedent] as to his sole ownership are not substantial enough to raise question as to the legal ownership of the corporate stock. . . . These allegations, though supported by an affidavit, are not supported with credible evidence sufficient to negate the granting of [s]ummary [j]udgment.

* * *

The issue of the [c]orporate [b]y-laws having a different ownership listed is perplexing but not fatal to the argument for [s]ummary [j]udgment. . . . It is this Court's opinion that the discrepancy in the corporate by-laws does not negate the issuance of shares with right of survivorship.

Daughter Mechelle Miller timely filed a notice of appeal.

## II.

The issue before us is whether the trial court erred in granting summary judgment to Widow. Our standard of review of a grant of summary judgment is as stated by the Supreme Court:

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness.

4

*   *   *

> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. . . . The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015) (emphasis in original).

In making the determination of whether summary judgment was correctly granted,

> [w]e must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

*Wells Fargo Bank, N.A. v. Lockett*, No. E2013-02186-COA-R3-CV, 2014 WL 1673745 at *2 (Tenn. Ct. App., filed Apr. 24, 2014).

**III.**

The question of the ownership of the corporate stock in this case turns upon the intent of the directors and incorporators. In *Merchants & Planters Bank v. Myers*, 644 S.W.2d 683, 689 (Tenn. Ct. App. 1982), this Court stated,

5

In this jurisdiction, the contract approach to questions of joint ownership has supplanted the common law approach of joint tenancy with its requirement of four unities. *See Lowry v. Lowry*, 541 S.W.2d 128 (Tenn. 1976); *Jones et al. v. Jones et al.*, 185 Tenn. 586, 206 S.W.2d 801 (1947). Under the contract theory, . . . the issue is whether the parties intended to create a right of survivorship. *Simmons v. Foster*, 622 S.W.2d 838 (Tenn. App. 1981). This intent may be shown by signed bank signature cards which express the contractual right of survivorship. *Melhorn v. Melhorn*, 208 Tenn. 678, 348 S.W.2d 319 (1961); *Iacometti v. Frassinelli*, 494 S.W.2d 496 (Tenn. App. 1973). Tennessee courts have recognized that intent as to type of ownership may be established by extrinsic evidence. *Griffin v. Prince*, 632 S.W.2d 532 (Tenn. 1982); *Simmons v. Foster*, supra; *Buntin v. Meriwether*, 56 Tenn.App. 492, 408 S.W.2d 667 (1966).

Married spouses can hold both real and personal property as tenants by the entirety, a form of ownership that also includes the right of survivorship:

Tenancy by the entirety is a form of property ownership unique to married persons, and it is well-settled in Tennessee that personal property, as well as realty, may be owned by spouses by the entirety. *Griffin v. Prince*, 632 S.W.2d 532 (Tenn. 1982); *see Mays v. Brighton Bank*, 832 S.W.2d 347 (Tenn. App. 1992). In *Griffin*, the Court said:

It is, of course, legally permissible for a husband and wife to own either real or personal property in any manner they choose, such as tenants in common, individually, in partnership, as life tenant and remainderman, or any other. (citations omitted)

\* \* \*

It is well settled in this state that the words of a conveyance or legal instrument which would make two other persons joint tenants under the common law, or tenants in common . . . will

6

> create tenancy by the entirety in a husband and wife. (citations omitted)
>
> This Court has permitted the use of extrinsic evidence to establish the type of ownership intended by the parties, and has gone very far in finding that spouses owned real or personal property as tenants by the entirety, despite the fact that a title document indicated otherwise.

*Catt v. Catt*, 866 S.W.2d 570, 573 (Tenn. Ct. App. 1993); *see also **White v. Watson***, 571 S.W.2d 493, 495 (Tenn. Ct. App. 1978); ***Lamberth v. S & L Plumbing Co.***, 935 S.W.2d 411, 412 (Tenn. Ct. App. 1996).

In the present case, Widow has presented affidavits supporting the conclusion that she, Decedent, and incorporator Grant intended to issue the stock to Widow and Decedent as joint tenants with right of survivorship. The stock certificate also supports this argument. Although the certificate is not signed by two corporate directors or officers as directed by Tenn. Code Ann. § 48-16-206(d)(1), this Court has recently observed that

> [o]wnership of shares of corporate stock is not required to be represented by stock certificates. *See* Tenn. Code Ann. § 48–16–206 (2012). Furthermore, unless expressly provided otherwise, a shareholder's rights and obligations are identical with or without representation by a stock certificate. ***Id.***; *see **Leimas v. Davies***, No. 01A01–9303–CH–00127, 1993 WL 404147, at \*5 (Tenn. Ct. App. Oct. 8, 1993) (citing ***Cartwright v. Dickinson***, 12 S.W. 1030 (Tenn. 1890)). Stock certificates are "mere evidence of ownership of shares of corporate stock." ***Leimas***, 1993 WL 404147, at \*5 (citing ***Young v. South Tredegar Iron Co.***, 2 S.W. 202 (Tenn. 1886)). Moreover, our Supreme Court has held: "A sale or transfer of stock, to be valid, need not be in writing. The certificate need not, in fact, be delivered. A transfer is perfectly good, although the seller of the stock never had a certificate at all, and although no certificate is issued to the transferee." ***Parker v. Bethel Hotel Co.***, 34 S.W. 209, 216 (Tenn. 1896).

*Powers v. A & W Supply, Inc.*, No. E2016-01489-COA-R9-CV, 2017 WL 1066791, at *7 (Tenn. Ct. App., filed Mar. 21, 2017). We are of the opinion that the two-signature requirement of Tenn. Code Ann. § 48-16-206(d)(1) does not preclude the trial court's consideration of the certificate as evidence on the question of the intent of the issuers of the stock.

Daughter, on the other hand, has presented evidence suggesting that Decedent was the "sole shareholder" of the corporation – the bylaws and Pritchard's affidavit. Regarding the affidavit, we agree with Widow's assertion, presented but not ruled upon by the trial court, that it was inadmissible hearsay. *Meyers v. First Tenn. Bank, N.A.*, 503 S.W.3d 365, 379 (Tenn. Ct. App. 2016) ("To consider facts at the summary judgment stage, they . . . must be admissible in evidence. . . . If they are inadmissible 'heresay,' we cannot consider them on summary judgment"); *Logan v. Estate of Cannon*, No. E2015-02254-COA-R3-CV, 2016 WL 5344526, at *4 (Tenn. Ct. App., filed Sept. 23, 2016) (noting that Tenn. R. Civ. P. 56.06 requires that affidavits "shall set forth such facts as would be admissible in evidence," and rejecting inadmissible hearsay from consideration on summary judgment); *Ward v. Glover*, 206 S.W.3d 17, 32 (Tenn. Ct. App. 2006) ("Only admissible evidence can be considered in the summary judgment analysis"). Accordingly, we are not considering Pritchard's affidavit in resolving the issue before us.

The corporate bylaws, however, provide, in pertinent part, as follows:

> BOARD OF DIRECTORS. The Board of Directors shall consist of one individual, *to-wit*, its sole shareholder, James E. Miller.

> *    *    *

> OFFICERS. This Corporation shall have a President and a Secretary. The Board of Directors, or a duly appointed officer if authorized by the Board of Directors, may also appoint a Treasurer, and any number of Vice Presidents, Assistant Secretaries and/or Assistant Treasurers. The same individual may simultaneously hold more than one (1) office in the Corporation, including the offices of President and Secretary, so long as there is only a sole shareholder. If there should be more than a sole shareholder, then the same individual shall not simultaneously hold the offices of President and Secretary.

8

(Paragraph numbering omitted.) At the end of the document, there is a text block captioned "*Certificate of Adoption*" which states,

> I, James E. Miller, Secretary of Jim Miller Excavating Co., Inc., hereby certify that the foregoing Bylaws, consisting of six (6) articles on ten (10) pages, were adopted by the Corporation by resolution of the Board of Directors on April 5, 1990.

The signature line designates Decedent as "Secretary." It is blank.

As can be seen, the unsigned bylaws specify that Decedent is the "sole shareholder" of the corporation. A trier of fact reasonably could conclude from this evidence that the issuers of the stock intended him to be its sole owner. In our judgment, the bylaws are sufficient to create a genuine issue of material fact on the question of intent. *See generally* **Carter Cnty. Bank v. Craft Indus., Inc.**, 639 S.W.2d 661, 662 (Tenn. Ct. App. 1982) ("Intent is a question of fact to be determined after consideration of all the evidence in a full trial"). We hasten to add that we express no opinion herein on the ultimate question for trial, *i.e, w*hat kind of ownership interest the issuers of corporate stock intended to create, and who owns the stock. We simply hold that summary judgment is inappropriate under the totality of the evidence presented in this case. In light of our disposition of this appeal, we respectfully decline Widow's request to find it to be frivolous.

## IV.

The judgment of the trial court is vacated. This case is remanded for further proceedings, consistent with this opinion. Costs on appeal are assessed to the appellee, Vickie C. Miller, in her capacity as personal representative and administrator of the estate of James E. Miller.

_____
CHARLES D. SUSANO, JR., JUDGE

9