Debra LAMBERTH, Plaintiff/Appellant,

v.

S & L PLUMBING COMPANY, INC., Fred Lamberth, Jr., Anita Woodall, and Michael Lamberth, Defendants/Appellees.

Court of Appeals of Tennessee, Middle Section.

June 26, 1996.

Permission to Appeal Denied by Supreme Court Nov. 12, 1996.

F. Dulin Kelly, Clinton L. Kelly, Hendersonville, for plaintiff/appellant.

Joe M. Haynes, David M. Pollard, Jr., Goodlettsville, for Fred Lamberth, Jr./Anita Woodall.

Phyllis D. Morriss, Springfield, for Michael Lamberth.

### OPINION

CANTRELL, Judge.

The widow of the sole shareholder of an incorporated business sought a declaration that she owned the business as a surviving tenant by the entireties, or that she and her husband had been partners in the business. The Chancery Court of Sumner County denied any relief. We affirm.

## I.

The plaintiff, Debra Lamberth, married Fred Lamberth, Sr. on June 17, 1983. Both had been married before, and each had children from their prior marriages. Fred Lamberth, Sr. had worked at Galbreath Brothers Plumbing Company for thirty years. Debra Lamberth worked as a bank teller and a nightclub manager. On September 13, 1983 Mr. Lamberth and Carmine Serino formed a partnership, S & L Plumbing Company, and went into business for themselves. Ms. Lamberth also worked in the business, as a laborer, bookkeeper, and office manager. After two or three months Ms. Lamberth received pay for her work as an employee of the business.

In March of 1984 Mr. Lamberth purchased Mr. Serino's interest in the business for $20,000. The funds came from S & L's account. Mr. Lamberth also personally assumed all the debts and obligations of the company, including a $40,000 loan from the Bank of Goodlettsville.

On June 1, 1984 Mr. Lamberth incorporated the business, and all the outstanding shares were issued to him individually. He transferred all the assets of S & L to the corporation and became its president. Ms. Lamberth was named Secretary and Treasurer. Also in June of 1984, Mr. and Ms. Lamberth purchased the property where the company was located from Mr. Serino. They held the title as tenants by the entireties and leased the property to the corporation. Mr. And Ms. Lamberth signed the lease as lessors and Mr. Lamberth signed on behalf of S & L Plumbing, Inc.

The Lamberths used the income from the corporation to acquire other property, both real and personal, which they held in their joint names. Their personal funds were held in joint bank accounts separate from the corporate funds, and they filed personal tax returns.

Mr. Lamberth died intestate in May of 1993. Ms. Lamberth became sole owner of nine parcels of jointly owned real estate and six or seven joint bank accounts.

## II.

### Tenancy by the Entireties

"Tenancy by the entirety is a form of property ownership unique to married persons, and it is well-settled in Tennessee that personal property, as well as realty, may be owned by spouses by the entirety." *Catt v. Catt,* 866 S.W.2d 570 at 573 (Tenn.App.1993). Creation of an estate by the entireties is a question of intent; it may be inferred from the circumstances, "but should rest upon convincing evidence and never upon conjecture." *Oliphant v. McAmis,* 197 Tenn. 367 at 373, 273 S.W.2d 151 at 154 (1954).

We are of the opinion that the evidence preponderates against a finding that Mr. and Ms. Lamberth intended that the shares of S & L Plumbing, Inc. would be held by them jointly. Mr. Lamberth started the business with Mr. Serino only a few months after the parties married. When the partners dissolved the partnership only six months later, Mr. Lamberth bought Mr. Serino's interest with partnership funds and personally assumed the partnership debts. He contributed the tools, equipment, stock in trade and good will of S & L to the corporation in exchange for the corporate stock.

These facts distinguish this case from *Catt,* where the parties ran an unincorporated business on property they jointly owned. They ran the business and conducted their personal affairs through a bank account in the name of "Billy L. and Wanda Catt d/b/a C & W Auto Sales and Salvage." *Oliphant* may also be distinguished on the facts. There the parties ran an unincorporated farming operation on the wife's farm. They pooled the proceeds from the operation and jointly made the decisions on how the farm should be operated. The husband stated that he and his wife were operating the business as a joint enterprise.

Mr. and Ms. Lamberth understood the difference between joint and sole ownership. The plumbing business was virtually the only asset held in one of their names individually. The other parcels of property and the bank accounts were jointly held with rights of survivorship. We think that a finding that the parties intended to hold the corporate

stock as tenants by the entireties would be pure conjecture.

## III.

### Partnership

 A partnership is an association of two or more persons to carry on as co-owners a business for profit. Tenn.Code Ann. § 61–1–105(a). Again, intent is the key. As our Supreme Court said in *Bass v. Bass,* 814 S.W.2d 38 (Tenn.1991), quoting from 59A Am.Jur.2d *Partnership* § 152 (1987):

> "The intent of parties to form a partnership may be implied; it need not be expressed in writing or orally, if it can be derived from the parties' actions. [I]t may be asserted objectively from all the evidence and circumstances. It is not essential that the parties know that their contract, in law, creates a partnership. The legal effect of the parties' agreement, not their subjective intent, determines whether there is a partnership.
>
> Where parties agree on all matters which, in law, constitute a contract of partnership, it will be presumed that they intend that contract, notwithstanding that the parties propose to avoid the liability otherwise attaching to partners, intend to avoid partnership, or even expressly stipulate that they are not partners. The legal effects of their relationship follow whether or not the parties foresee and intend them, and it is immaterial that the parties do not realize they are partners."

814 S.W.2d at 41, footnote 3.

We think the record shows that the parties intended that the plumbing company would be operated as a corporation. Even Ms. Lamberth testified that she and Mr. Lamberth decided to incorporate the business in order to protect their personal assets. They went through all the formalities and became officers and directors of the company. Ms. Lamberth signed the stock certificate issued to Mr. Lamberth. Under these circumstances, no inference can be drawn that the parties intended to carry on the business as co-owners.

## IV.

The appellees argue that this is a frivolous appeal. We find that it is not.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Sumner County. Tax the costs on appeal to the appellant.

TODD, P.J., and KOCH, J., concur.